UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION

G.W. PALMER & CO., INC.

          Plaintiff,

                                  Case No. _____

vs.

ROBERSON ONION CORPORATION
and STEPHEN C. ROBERSON,

          Defendants.
_____/

## COMPLAINT

Plaintiff G.W. Palmer & Co., Inc. ("Palmer"), by and through undersigned counsel, as and for its complaint against Defendants, Roberson Onion Corporation ("Roberson Onion") and Stephen C. Roberson ("Steve Roberson") (Roberson Onion and Steve Roberson collectively, "Defendants"), alleges as follows:

## JURISDICTION AND VENUE

1. Subject matter jurisdiction is based on Sections 5(c) and 7(b) of the Perishable Agricultural Commodities Act ("PACA"), 7 U.S.C. §§ 499e(c) and g(b), and 28 U.S.C. § 1331. Personal jurisdiction exists over Defendants as they transacted business in this District.

2. Venue in this District is based on 7 U.S.C. §§ 499e(c)(5) and g(b) and 28 U.S.C. § 1391 because a substantial part of the events giving rise to Plaintiff's claims arose in this District.

## PARTIES

3. At all relevant times, Palmer was and is a Tennessee corporation having its office and principal place of business located in Memphis, Tennessee, was and is engaged in the business of selling wholesale quantities of perishable agricultural commodities ("Produce") in interstate commerce, and was and is licensed as a dealer under PACA.

- 1 -

4. Defendant Roberson Onion is a Georgia corporation with its principal place of business in Hazelhurst, Georgia. It was previously engaged in the business of buying wholesale quantities of produce in interstate commerce, and it was at all relevant times subject to and licensed under the provisions of PACA as a dealer. Upon information and belief, Roberson Onion ceased operating in the spring of 2025.

5. Defendant Steve Roberson was an officer, director and/or shareholder of Roberson Onion during the period of time in question in this lawsuit, and he controlled the operations of Roberson Onion at all relevant times. Upon information and belief, Steve Roberson was in a position of control over the PACA trust assets belonging to Plaintiff.

## GENERAL ALLEGATIONS

6. This action is brought to enforce the trust provisions of P.L. 98-273, the 1984 amendment to Section 5(c) of the PACA, 7 U.S.C. § 499e(c)(5), and the enforcement of an award of the Secretary of Agriculture, Section 7 of the PACA, 7 U.S.C. § 499(g).

7. Between March 2023 through June 2023, Plaintiff sold to Roberson Onion multiple loads of wholesale quantities of Produce, which were moved in interstate commerce or contemplation thereof, worth the aggregate amount of $434,159.23.

8. Roberson Onion accepted the Produce from Plaintiff.

9. At the time of Roberson Onion's receipt of the Produce, Plaintiff became a beneficiary of the PACA statutory trust designed to ensure payment to produce suppliers. The trust consists of all produce or produce-related assets, including all funds commingled with funds from other sources and all assets procured by such funds, that are in the possession or control of Defendants since the creation of the trust.

10. Plaintiff preserved its interest in the PACA trust in the principal amount of $434,159.23 by placing the language set forth in 7 U.S.C. § 499e(c)(4) on the face of its invoices to

Defendants, and Plaintiff remains a beneficiary of the PACA trust until full payment is made for the Produce.

11. During roughly the same time period of April 2023 through July 2023, Plaintiff purchased from Roberson Onion multiple loads of Produce, worth the principal amount of $122,133.15, resulting in Roberson Onion being entitled to a set-off in the amount of $122,133.15. After application of the set-off, the principal balance due to Plaintiff by Roberson Onion is $312,026.08.

12. Roberson Onion has not paid any amounts for the Produce purchased from Plaintiff.

13. Plaintiff filed a complaint against Roberson Onion with the United States Department of Agriculture pursuant to Section 6(a) of the PACA, 7 U.S.C. § 499f(a), for its failure to pay for the Produce.

14. Roberson Onion disputed the amount owed to Plaintiff.

15. On December 6, 2024, the Secretary of Agriculture entered a reparation award in favor of Plaintiff and against Roberson Onion in the amount of $242,300.01, plus interest at the rate of 18% *per annum* from August 1, 2023 through December 5, 2024, plus interest thereafter in the amount of 4.35% *per annum* from December 6, 2024, until the Order was paid in full, plus $500.00 for the filing fee. A copy of Decision and Order is submitted herewith as Exhibit 1.

16. Both Plaintiff and Roberson Onion subsequently filed Petitions for Reconsideration on different grounds in which they disputed certain findings of the Secretary and requested that the Secretary of Agriculture reconsider the reparation award entered December 6, 2024.

17. On May 12, 2025, the Secretary denied both Petitions for Reconsideration, and confirmed the reparation award entered on December 6, 2024, thus affirming a reparation award in favor of Plaintiff and against Roberson Onion in the amount of $242,300.01, plus interest at the rate of 18% per annum from August 1, 2023, through May 11, 2025, with interest thereafter at the rate of

4.35% per annum, plus reimbursement of the $500.00 filing fee. A copy of the Decision and Order denying the Petitions for Reconsideration is submitted herewith as Exhibit 2.

18. Neither Plaintiff nor Roberson Onion appealed the Decision and Order entered on May 12, 2025, denying their respective Petitions for Reconsideration.

19. Roberson Onion has not paid the reparation award ordered by the Secretary of Agriculture as required.

20. Pursuant to Section 7(d) of the PACA, 7 U.S.C. § 499g(d), the PACA License of Roberson Onion to do business was automatically suspended by failing to pay the reparation award.

21. Defendant Steve Roberson is and was Roberson Onion's Chief Executive Officer, Chief Financial Officer, Secretary, and sole reported principal on Roberson Onion's PACA license.

22. Upon information and belief, Defendant Steve Roberson controlled the operations of Roberson Onion at all times relevant to this lawsuit and is and was in a position of control over the PACA trust assets belonging to Plaintiff.

23. Plaintiff's invoices include terms for the payment of interest at a rate of 18% per annum on past due balances, attorneys' fees, and costs as sums owing in connection with the produce transactions.

24. Defendants' failure, refusal, and inability to pay Plaintiff indicates that Defendants are failing to maintain sufficient assets in the statutory trust to pay Plaintiff and are dissipating trust assets.

## COUNT ONE
**(Failure to Pay Reparation Award – Defendant Roberson Onion)**

25. Plaintiff incorporates each and every allegation set forth in paragraphs 1 to 24 above as if fully set forth herein.

26. The Secretary entered the Reparation Award against Roberson Onion.

27. Roberson Onion failed to appeal the Reparation Award or pay the Reparation Award within the time period to do so.

28. Pursuant to Section 7(d) of the PACA, 7 U.S.C. § 499g(d), Roberson Onion's PACA license has been automatically suspended by failing to pay the Reparation Award.

WHEREFORE, Plaintiff requests entry of judgment on the Reparation Award under Section 7(b) of the PACA, 7 U.S.C. § 499g(b) in favor of Plaintiff and against Defendant, Roberson Onion, in the amount of $242,300.01, plus interest, costs, and attorneys' fees, for failure to comply with the Secretary's Reparation Order.

## COUNT TWO
### (Failure to Maintain Statutory Trust – All Defendants)

29. Plaintiff incorporates each and every allegation set forth in paragraphs 1 to 28 above as if fully set forth herein.

30. Defendants received all of the Produce on which this action is based.

31. Upon information and belief, Defendants were in positions of control over the operations of Roberson Onion and exercised such control.

32. Defendants have failed to pay Plaintiff in full for the Produce that they received from Plaintiff.

33. Defendants failed to hold the Produce and its proceeds in trust so that they were and are freely available to pay Plaintiff as required by law.

34. Defendants have failed to maintain the PACA trust required by 7 U.S.C. § 499e(c).

35. Defendants have failed to promptly pay PACA trust funds to Plaintiff.

36. Defendants' failure to comply with their statutory obligations under the PACA trust is an illegal act.

37. As a result of Defendants' above-stated actions, Plaintiff has incurred damages in the amount of $242,300.01, plus interest from the date that Plaintiffs' invoices became past due, costs, and attorneys' fees.

38. As a further result of Defendants' above-stated actions, it has been necessary for Plaintiff to obtain the services of legal counsel to prosecute this action, and Plaintiff is entitled to reimbursement for those attorneys' fees and costs that have been reasonably incurred.

WHEREFORE, Plaintiff requests entry of judgment against Defendants, jointly and severally, in the amount of $242,300.01, plus interest at the rate of 18% per annum, costs, and attorneys' fees under the trust provisions of PACA.

## COUNT THREE
**(Unlawful Dissipation of Trust Assets by a Corporate Official – Steve Roberson)**

39. Plaintiff incorporates each and every allegation set forth in paragraphs 1 to 40 above as if fully set forth herein.

41. Defendant Steve Roberson is and was Roberson Onion's owner, CEO, CFO, Secretary and sole reported principal on its PACA license who operated Roberson Onion during the relevant time period and, upon information and belief, is and was in a position of control over the PACA trust assets belonging to Plaintiff.

42. Defendant Steve Roberson failed to direct Roberson Onion to fulfill its statutory duty to preserve PACA trust assets and pay Plaintiff for the Produce it supplied.

43. Defendant Steve Roberson's failure to direct Roberson Onion to maintain PACA trust assets and pay Plaintiff for the Produce that Plaintiff supplied was an unlawful dissipation of trust assets by a corporate official.

44. As a result of said unlawful dissipation of trust assets, Plaintiff has been deprived of its rights as a beneficiary in the PACA trust and has been denied payment for the Produce it supplied.

WHEREFORE, Plaintiff requests entry of judgment against Steve Roberson in the amount of $242,300.01 plus interest, costs, and attorneys' fees under the trust provisions of PACA.

## **COUNT FOUR**
(Interest and Attorneys' Fees)

45. Plaintiff incorporates each and every allegation set forth in paragraphs 1 to 44 above as if fully set forth herein.

46. 7 U.S.C. § 499g(b) provides for an award of reasonable attorneys' fees if Plaintiff prevails on its claim to enforce the Reparation Award.

47. In addition, Plaintiff's invoices provide for the recovery of pre-judgment interest and attorneys' fees incurred to collect any balance due from Defendants.

48. As a result of Defendants' continued failure to make full payment promptly in the principal amount of $242,300.01, Plaintiff has been required to pay attorneys' fees and costs in order to bring this action to require Defendants to comply with their contractual and statutory duties under PACA, and upon information and belief, will incur additional fees and costs in the prosecution of this matter.

WHEREFORE, Plaintiff seeks judgment in favor of Plaintiff against all Defendants, jointly and severally, for pre-judgment interest, costs, and attorneys' fees.

Respectfully submitted this 27th day of August, 2025.

**ELLIOTT BLACKBURN, PC**

*/s/ James R. Miller*
JAMES R. MILLER
Georgia Bar No. 159080

3016 North Patterson Street
Valdosta, Georgia 31602
(229) 242-3333
jmiller@elliottblackburn.com


**NOTICE COUNSEL:**
Mary Jean Fassett
Washington, D.C. Bar No. 414169
*(Pro Hac Vice Application Forthcoming)*
MCCARRON & DIESS
4530 Wisconsin Avenue N.W., Suite 301
Washington, DC 20016
(202)364-0400
mjf@mccarronlaw.com