# EXHIBIT "1"

**USDA**  **Agricultural**
         **Marketing**
         **Service**

1400 Independence Ave., SW.
Room 2507-S, STOP 0242
Washington, D.C.  20250-0242

December 6, 2024

In reply refer to
File PACA: R-2023-0779

McCarron & Diess
4530 Wisconsin Avenue, NW., Suite 301
Washington, DC  20016

Dear Sir/Madam:

Re: G. W. Palmer & Co, Inc. vs. Roberson Onion Corporation

Enclosed is the order issued on December 6, 2024, in the above-referenced file under the
Perishable Agricultural Commodities Act (PACA).

Please notify this office immediately in writing when the award is satisfied.  If you wish to
petition this order, the petition must be submitted within 20 days from receipt of this letter.  If
you file an appeal, it must be filed in a United States District Court by **January 5, 2025**.
Information is available on our website at www.ams.usda.gov/paca in the Administrative
Procedures for the petition process and in the PACA statute for the appeal process.

If the order is not paid and Roberson Onion Corporation has an active license, the license will be
automatically suspended, effective close of business on **January 10, 2025**, in accordance with
section 7(c) and (d) of the Act.  If the firm has an inactive license or is not licensed, then
sanctions will be imposed against the business.

Additionally, the individual proprietor, partners, members/managers (Limited Liability
Company), officers, directors and/or holders of more than 10 percent of the stock in the firm
cannot be employed by, or affiliated in any capacity with, any other licensee under the Act for a
period of two years without the approval of the Secretary and the posting of a suitable surety
bond.  Failure to comply could result in an extension of the employment sanctions and an
administrative action against the employing firm.  If you have knowledge of continued business
activities of the firm, please notify the PACA regional office in which the complaint was filed.

We have made an initial determination that the following individual(s) holds position(s) as
owner, partner(s), member(s), manager(s), officer(s), director(s) and/or stockholder(s) and are
determined to be responsibly connected with the firm:

Steve C. Roberson.

McCarron & Diess
Page 2

If you file a civil action and the civil order is paid, please notify this office promptly in writing. You may contact our office by email at PACAdispute@usda.gov, by phone at (202) 720-2890 or by fax at (202) 260-8575.

Sincerely,

PENNY
ROBINSON-
LANDRIGAN

Digitally signed by PENNY
ROBINSON-LANDRIGAN
Date: 2024.12.06 12:53:41
-05'00'

Penny Robinson-Landrigan
Chief, Dispute Resolution Branch
PACA Division

Enclosure

UNITED STATES DEPARTMENT OF AGRICULTURE

BEFORE THE SECRETARY OF AGRICULTURE

G. W. Palmer & Co., Inc.,         )        PACA Docket No. R-2023-0779
)
           Complainant   )
)
          v.            )
)
Roberson Onion Corporation,   )
)
           Respondent   )        Decision and Order

**Preliminary Statement**

Complainant instituted this reparation proceeding under the Perishable Agricultural

Commodities Act, 1930, as amended (7 U.S.C. §§ 499a-499s)(PACA); and the Administrative

Procedures under the PACA (7 C.F.R. §§ 47.1-47.49)(Administrative Procedures), by filing a

timely Complaint. Complainant seeks a reparation award against Respondent in the amount of

$312,026.08 in connection with 35 truckloads of fresh cabbage, corn, and cucumbers shipped in

the course of interstate commerce.

Copies of the Report of Investigation (ROI) prepared by the Department were served

upon the parties. A copy of the Complaint was served upon the Respondent, which filed an

Answer thereto, denying liability to Complainant.

Although the amount claimed in the Complaint exceeds $30,000.00, the parties waived

oral hearing. Therefore, the documentary procedure provided in section 47.20 of the

Administrative Procedures is applicable. 7 C.F.R. § 47.20. Pursuant to this procedure, the

verified pleadings of the parties are considered part of the evidence of the case, as is the

Department's ROI. In addition, the parties were given the opportunity to file evidence in the

form of verified statements and to file briefs. Complainant filed an Opening Statement, a

Statement in Reply, and a Brief. Respondent filed an Answering Statement and a Brief.

### Findings of Fact

1.      Complainant is a corporation whose post office address is 1080 W. Rex Road,

Suite 100, Memphis, TN 38119. At the time of the transactions involved herein, Complainant

was licensed under the PACA.

2.      Respondent is a corporation whose post office address is P.O. Box 777,

Hazelhurst, GA 31539. At the time of the transactions involved herein, Respondent was licensed

under the PACA.

3.      Between May 10 and June 29, 2023, Complainant sold to Respondent 35

truckloads of cabbage, corn, and cucumbers, as summarized below:

| DATE | INVOICE NO | DESCRIPTION | QTY | PRICE | TOTAL | INVOICE TOTAL |
|------|-----------|-------------|-----|-------|-------|---------------|
| 10-May | 703709A | Green cabbage | 780 | $18.50 | $14,430.00 | $14,794.00 |
|        |         | Pallets | 26 | $14.00 | $364.00 | |
| 11-May | 703765A | Bi-color corn | 924 | $13.85 | $12,797.40 | $13,105.40 |
|        |         | Pallets | 22 | $14.00 | $308.00 | |
| 11-May | 703768A | Bi-color corn | 808 | $13.85 | $11,190.80 | $11,456.80 |
|        |         | Pallets | 19 | $14.00 | $266.00 | |
| 11-May | 703773B | Green cabbage | 210 | $10.85 | $2,278.50 | $3,685.50 |
|        |         | Red cabbage | 70 | $18.50 | $1,295.00 | |
|        |         | Pallets | 8 | $14.00 | $112.00 | |
| 16-May | 703779A | Bi-color corn | 1008 | $13.85 | $13,960.80 | $14,296.80 |
|        |         | Pallets | 24 | $14.00 | $336.00 | |
| 16-May | 703782A | Bi-color corn | 1008 | $14.00 | $14,112.00 | $14,448.00 |
|        |         | Pallets | 24 | $14.00 | $336.00 | |
| 16-May | 703783A | Bi-color corn | 1008 | $14.00 | $14,112.00 | $14,448.00 |
|        |         | Pallets | 24 | $14.00 | $336.00 | |

| DATE | INVOICE NO | DESCRIPTION | QTY | PRICE | TOTAL | INVOICE TOTAL |
|---|---|---|---|---|---|---|
| 17-May | 703784A | Bi-color corn | 1008 | $14.00 | $14,112.00 | $14,448.00 |
| | | Pallets | 24 | $14.00 | $336.00 | |
| 17-May | 703785A | Bi-color corn | 1008 | $13.85 | $13,960.80 | $14,296.80 |
| | | Pallets | 24 | $14.00 | $336.00 | |
| 25-May | 703803A | Bi-color corn | 1008 | $13.45 | $13,557.60 | $13,893.60 |
| | | Pallets | 24 | $14.00 | $336.00 | |
| 26-May | 703804A | Bi-color corn | 840 | $13.45 | $11,298.00 | $11,578.00 |
| | | Pallets | 20 | $14.00 | $280.00 | |
| 3-Jun | 703810D | Bi-color corn | 336 | $14.85 | $4,989.60 | $5,101.60 |
| | | Pallets | 8 | $14.00 | $112.00 | |
| 3-Jun | 703812A | Bi-color corn | 840 | $14.85 | $12,474.00 | $12,754.00 |
| | | Pallets | 20 | $14.00 | $280.00 | |
| 3-Jun | 703813A | Bi-color corn | 1008 | $14.85 | $14,968.80 | $15,304.80 |
| | | Pallets | 24 | $14.00 | $336.00 | |
| 7-Jun | 703819A | Bi-color corn | 1008 | $15.95 | $16,077.60 | $16,413.60 |
| | | Pallets | 24 | $14.00 | $336.00 | |
| 7-Jun | 703820A | Bi-color corn | 1008 | $15.50 | $15,624.00 | $15,960.00 |
| | | Pallets | 24 | $14.00 | $336.00 | |
| 8-Jun | 703818A | Bi-color corn | 840 | $15.95 | $13,398.00 | $13,678.00 |
| | | Pallets | 20 | $14.00 | $280.00 | |
| 12-Jun | 703828A | Bi-color corn | 1008 | $20.95 | $21,117.60 | $21,453.60 |
| | | Pallets | 24 | $14.00 | $336.00 | |
| 13-Jun | 703826A | Bi-color corn | 1008 | $17.95 | $18,093.60 | $18,429.60 |
| | | Pallets | 24 | $14.00 | $336.00 | |
| 13-Jun | 703829A | Bi-color corn | 1008 | $20.95 | $21,117.60 | $21,453.60 |
| | | Pallets | 24 | $14.00 | $336.00 | |
| 14-Jun | 703827A | Bi-color corn | 1008 | $17.95 | $18,093.60 | $18,429.60 |
| | | Pallets | 24 | $14.00 | $336.00 | |

4

| DATE | INVOICE NO | DESCRIPTION | QTY | PRICE | TOTAL | INVOICE TOTAL |
|---|---|---|---|---|---|---|
| 16-Jun | 703835A1 | Select cucumbers | 800 | $5.75 | $4,600.00 | $4,824.00 |
| | | Pallets | 16 | $14.00 | $224.00 | |
| 20-Jun | 703840A | Bi-color corn | 1008 | $30.95 | $31,197.60 | $31,533.60 |
| | | Pallets | 24 | $14.00 | $336.00 | |
| 21-Jun | 703843A | Bi-color corn | 1008 | $31.95 | $32,205.60 | $32,541.60 |
| | | Pallets | 24 | $14.00 | $336.00 | |
| 21-Jun | 703844A | Bi-color corn | 1008 | $31.95 | $32,205.00 | $32,541.60 |
| | | Pallets | 24 | $14.00 | $336.00 | |
| 24-Jun | 703846A | Bi-color corn | 1008 | $31.95 | $32,205.00 | $32,541.60 |
| | | Pallets | 24 | $14.00 | $336.00 | |
| 24-Jun | 703847A | Bi-color corn | 1008 | $31.95 | $32,205.00 | $32,541.60 |
| | | Pallets | 24 | $14.00 | $336.00 | |
| 24-Jun | 703850A | Bi-color corn | 504 | $31.95 | $16,102.80 | $16,270.80 |
| | | Pallets | 12 | $14.00 | $168.00 | |
| 26-Jun | 703851A | Bi-color corn | 840 | $31.95 | $26,838.00 | $27,118.00 |
| | | Pallets | 20 | $14.00 | $280.00 | |
| 26-Jun | 703852A | Bi-color corn | 840 | $31.95 | $26,838.00 | $27,118.00 |
| | | Pallets | 20 | $14.00 | $280.00 | |
| 28-Jun | 703823A | Bi-color corn | 294 | $15.95 | $4,689.30 | $4,787.30 |
| | | Pallets | 7 | $14.00 | $98.00 | |
| 28-Jun | 703853A | Bi-color corn | 1008 | $31.95 | $32,205.60 | $32,541.60 |
| | | Pallets | 24 | $14.00 | $336.00 | |
| 28-Jun | 703854A | Bi-color corn | 1008 | $31.95 | $32,205.60 | $32,541.60 |
| | | Pallets | 24 | $14.00 | $336.00 | |
| 28-Jun | 703855A | Bi-color corn | 1008 | $31.95 | $32,205.60 | $32,541.60 |
| | | Pallets | 24 | $14.00 | $336.00 | |
| 29-Jun | 703856A | Bi-color corn | 1008 | $31.95 | $32,205.60 | $32,541.60 |
| | | Pallets | 24 | $14.00 | $336.00 | |

(Compl. Group Ex. 1).

    4.     Complainant applied payments from Respondent totaling $237,254.57 to the billed amount totaling $671,413.80 for the transactions listed in Finding of Fact 3, leaving an unpaid invoice balance of $434,159.23. (Compl. Group Ex. 1).

    5.     The informal complaint was received by the Department on September 5, 2023 (ROI Ex. 001), which constitutes a timely filing pursuant to section 6(a) of the PACA and according to section 47.3 of the Administrative Procedures. 7 U.S.C. § 499f(a)(1); 7 C.F.R. § 47.3(a)(1).

### Conclusions

Complainant brings this action to recover $312,026.08 from Respondent. (Compl. ¶ 10). The amount claimed equals the unpaid invoice balance of $434,159.23 referenced in Finding of Fact 4, less the amount of $122,133.15 that Complainant acknowledges owing Respondent for transactions unrelated to those at issue in the Complaint. (Compl. ¶ 7, Group Ex. 1, Ex. 2). As evidence in support of its contentions, Complainant submitted copies of its invoices and bills of lading pertaining to the transactions at issue in the Complaint, as well as a copy of Respondent's accounts receivable detail showing a balance owed to Respondent of $122,133.15. (Compl. Group Ex. 1 and 2).

In response to Complainant's allegations, Respondent asserts that the balance due Complainant as shown on its accounts payable is $223,420.48. (Answer, Investigation Answers at 4). Respondent states this amount should be reduced by the $122,133.15 that Complainant admittedly owes Respondent. (Answer, Investigation Answers at 4). Respondent also asserts that there is an additional $10,916.00 due from Complainant for a transaction identified by Respondent's number 20315 and Complainant's number 703799. (Answer ¶ 7). In addition,

Respondent asserts that it is entitled to a credit of $5,397.60 for overcharges. (Answer, Investigation Answers at 5). After making all of the referenced deductions, Respondent acknowledges owing Complainant a net amount of $84,973.73. (Answer, Investigation Answers at 5).

Turning first to Respondent's assertion that there is an additional $10,916.00 due from Complainant to Respondent, Complainant denies this assertion (Opening Stmt. ¶ 18), and as there is no properly filed setoff claim submitted by Respondent and accompanied by the requisite handling fee of $500.00, Respondent's ability to reduce its obligation through setoff is limited to the $122,133.15 that Complainant acknowledges owing Respondent.[1]

With respect to Respondent's contention that it is entitled to a credit of $5,397.60 for overcharges, this assertion stems from multiple instances where Complainant applied payments received from Respondent in a manner different from the remittance advice provided with the check. Upon review of the evidence submitted, including copies of Respondent's checks and memos of purchase and Complainant's invoices, we find that the evidence supports the conclusion that Respondent paid Complainant a total of $285,372.00 for the transactions at issue in the Complaint, as set forth more fully below:

| INVOICE # | MEMO OF PURCHASE # | CHECK # | AMOUNT PAID |
|---|---|---|---|
| 703709A | 5521 | 9185 | $12,454.00 |
| 703765A | 5420 | | |
| 703768A | 5537 | | |
| 703773B | 5527 | 9332 | $621.50 |
| 703779A | 5380 | | |
| 703782A | | | |

---

[1] Respondent also claims in its Brief that an additional $16,332.00 is due from Complainant for a transaction identified as "703755/20270/20390"; however, this claim also cannot be considered absent a properly filed setoff claim. (Respondent's Brief, Answer to Landon Gaw's Stmt. Ex. 1A). The same applies to the three other transactions mentioned in Respondent's Brief, identified as "703791/20276," "703756/20277," and "96159/20278." (Respondent's Brief, Answer to Landon Gaw's Stmt. Ex. 1C).

| | | | |
|---|---|---|---|
| 703783A | 5385 | 9185 | $13,557.60 |
| 703784A | 5387 | | |
| 703785A | 5399 | 9162 | $10,836.00 |
| 703803A | 5390 | 9185 | $13,557.60 |
| 703804A | 5445 | 9162 | $9,030.00 |
| 703810D | 5510 | 9331 | $317.60 |
| 703812A | 5442 | 9241 | $9,836.40 |
| 703813A | 5511 | 9192 | $12,297.60 |
| 703819A | 5437 | 9332 | $1,112.00 |
| 703820A | 5499 | 9191 | $11,037.60 |
| 703818A | 5455 | 9185 | $12,558.00 |
| 703828A | 5461 | 9201 | $11,944.80 |
| 703826A | 5546 | | |
| 703829A | 5544 | | |
| 703827A | 5547 | | |
| 703835A | 5470 | 9332 | $1,500.00 |
| 703840A | 5485 | | |
| 703843A | 5478 | 9122 | $28,677.60 |
| 703844A | 5484 | | |
| 703846A | 5492 | 9122 | $14,136.64 |
| 703847A | 5495 | | |
| 703850A | 5494 | 9254 | $15,346.80 |
| 703851A | 5497 | 9206 | $21,506.10 |
| 703852A | 5496 | | |
| 703823A | 5435 | 9252 | $3,528.00 |
| 703853A | 5514 | 9206 | $27,165.60 |
| 703854A | 5512 | 9122 | $27,185.76 |
| 703855A | 5522 | 9209 | $27,165.60 |
| 703856A | 5523 | | |
| **TOTAL** | | | **$285,372.80** |

(ROI Ex. 089-117, 119, 125-142; Compl. Group Ex. 1). Having determined the amount
Respondent paid for each of the transactions at issue in the Complaint, we will address each of
the transactions individually below to determine why some payments fell short of the amount
billed by Complainant, and whether the balance of the invoice amount remains due as
Complainant contends.

Invoice #703709A/Memo of Purchase #5521

Respondent acknowledges that on or about March 10, 2023, it purchased 780 cartons of cabbage from Complainant for which Respondent states that it prepared Memo of Purchase #5521 confirming a per-carton price of $15.50, plus $364.00 for 26 pallets, for a total of $12,454.00. (ROI Ex. 077-78, 089). Respondent disputes Complainant's claimed unit price of $18.50 per carton, and the $14,794.00 total stated on Complainant's invoice #703709A. (ROI Ex. 077-78). Respondent states that there were no confirmations of sale or agreements on price prior to shipment because each of the transactions in question were consignment sales, with payment to be made from the proceeds of the sales, less Respondent's expenses and charges. (Answer ¶ 12).

In a sworn declaration submitted as part of Complainant's Opening Statement, Mr. Landon Gaw, Sales Representative for the Rogersville, Alabama branch office of Complainant, asserts that he personally negotiated the transactions at issue in the Complaint with Kelly Wilhite, the individual who negotiated the transactions on behalf of Respondent. (Opening Stmt. Decl. of Landon Gaw ¶ 2). Mr. Gaw states that prior to the transactions at issue, Complainant and Respondent had engaged in FOB produce transactions with one another since at least 2021. (Opening Stmt. Decl. of Landon Gaw ¶ 3). Mr. Gaw states that all of the sales transactions with Respondent were FOB and that there were no PAS or consignment sales. *Id.* According to Mr. Gaw, both Complainant and Respondent would sell to one another for their cost incurred (approximately market price) plus a small markup for profit. *Id.* Mr. Gaw states that it was also customary for Complainant and Respondent to charge each other pallet charges that included a small markup as part of their regular course of dealing. *Id.*

Mr. Gaw states that on or about March 9, 2023, Mr. Wilhite advised that he needed to purchase 780 cartons of medium size green cabbage, FOB. (Opening Stmt. Decl. of Landon Gaw ¶ 4). Per their customary practice, Mr. Gaw states that he advised Mr. Wilhite that he would be charging Complainant's cost, which was $18.50 per carton, representing the market price plus a small markup for profit, plus $14.00 per pallet, representing a small markup from the pallet charge incurred by Complainant. *Id.* Mr. Gaw states that Mr. Wilhite verbally agreed to the pricing. *Id.*

Mr. Gaw states that Mr. Wilhite never gave him a purchase order number for the green cabbage despite his request for the same. (Opening Stmt. Decl. of Landon Gaw ¶ 5). Mr. Gaw states that this was a repeated problem that Complainant had with the vast majority of the transactions in dispute, and that this led to delays in Complainant invoicing Respondent. *Id.* According to Mr. Gaw, it is Complainant's standard practice for its headquarters in Memphis, Tennessee to approve all invoices prior to Complainant's branch offices sending the invoices to the purchaser, with headquarters withholding approval of invoices until a purchase order number is provided and the quantities actually picked up by the purchaser are verified. *Id.* When purchase order numbers are not provided, or loads are not promptly picked up, both of which occurred in this matter, Mr. Gaw states that the result is delays in invoicing the purchaser. *Id.*

Mr. Gaw states that it is his understanding that Respondent only sent memos of purchase when it remitted partial payment to Complainant's headquarters in Memphis, and that this was after Respondent received Complainant's invoices billing Respondent at the prices he and Mr. Wilhite had agreed to. (Opening Stmt. Decl. of Landon Gaw ¶ 6). Mr. Gaw states that Respondent's memos of purchase were never sent to the Alabama branch office that he operates from, but Mr. Gaw also acknowledges that he did not confirm in writing the pricing that he and

Mr. Wilhite verbally agreed to for each transaction at issue in this dispute. (Opening Stmt. Decl. of Landon Gaw ¶ 7). Mr. Gaw states that neither he nor Mr. Wilhite sent transaction documentation to one another when they purchased produce from each other's company, but instead they relied on the verbal agreements that they made over the telephone. *Id.*

The invoice for the load of 780 cartons of green cabbage ordered by Mr. Wilhite on March 9, 2023, Mr. Gaw states, was approved by headquarters (even though no purchase order was provided) and emailed to Mr. Wilhite by his wife, Ms. Kelly Gaw, who does the accounting for Complainant's Alabama branch office. (Opening Stmt. Decl. of Landon Gaw ¶ 8). Mr. Gaw states that Mr. Wilhite replied to the email with a simple "thank you," without any protest or objection to the invoice price. (Opening Stmt. Decl. of Landon Gaw ¶ 8). As evidence in support of this contention, Complainant submitted a copy of the email exchange in question which shows that on May 9, 2023, Kelly Gaw sent an email message stating, "Invoice for the cabbage. Let me know if you need anything else." On the same date, Mr. Wilhite responded, "Thank you." (Opening Stmt. Group Ex. B).

Respondent's President, Mr. Steve Roberson, submitted a sworn statement in response to the declaration of Mr. Gaw wherein Mr. Roberson asserts that Kelly Wilhite was a contractor, "paid wholly on a 1099," and that as such, Respondent's responsibility for Mr. Wilhite's failures is limited. (Answering Stmt. ¶ 11). Mr. Roberson also acknowledges, however, that since the transactions were done almost entirely by phone conversations, he had some but limited knowledge of the details but was told by Mr. Wilhite that the transactions were within the bounds of business as usual. (Answering Stmt. ¶ 3).

As Respondent admittedly held Mr. Wilhite out as its representative, whether as an employee or contractor, Respondent is responsible for the actions taken by Mr. Wilhite on

Respondent's behalf. Section 17 of the PACA (7 U.S.C. §499p) specifically addresses the liability of PACA licensees for the acts and omissions of agents and states:

> In construing and enforcing the provisions of this chapter, the act, omission, or failure of any agent, officer, or other person acting for or employed by any commission merchant, dealer, or broker, within the scope of his employment or office, shall in every case be deemed the act, omission, or failure of such commission merchant, dealer, or broker as that of such agent, officer, or other person.

Any agreements reached between Complainant's Landon Gaw and Kelly Wilhite are binding upon Respondent, and as Respondent did not submit a statement from Mr. Wilhite to refute the testimony of Mr. Gaw, we will rely upon the latter to determine the terms verbally agreed upon between the parties.

As we mentioned, Mr. Gaw maintains that the parties agreed that they would sell to one another at their cost plus a small markup for profit. For the 780 cartons of cabbage in question, Complainant submitted a copy of the invoice that it received from Clayton Rawl Farms, Inc. billing Complainant for the cabbage at $17.35 per carton. (Opening Stmt. Group Ex. E). At the $15.50 per carton price asserted by Respondent, Complainant would be selling the cabbage to Respondent at a loss. The $18.50 per carton price billed by Complainant, on the other hand, includes a markup of $1.15 per carton for profit, which appears more in line with the parties' agreement. Accordingly, we conclude that the preponderance of the evidence supports Complainant's contention that the contract price for the 780 cartons of cabbage was $18.50 per carton, or a total of $14,430.00. Respondent does not dispute the $364.00 charge for pallets. Therefore, the total amount due for this shipment of cabbage is $14,794.00 ($14,430.00 + $364.00). Respondent paid Complainant $12,454.00 for the cabbage (ROI Ex. 099), so there remains a balance due of $2,340.00.

Invoice #703765A/Memo of Purchase #5420

Respondent states that on or about May 9, 2023, it purchased 1,008 crates of corn from Complainant, and that its Memo of Purchase #5420 confirms a price per crate of $10.85, or a total of $10,936.80. (ROI Ex. 078, 090). Respondent's reference to 1,008 crates of corn appears to be in error, as Complainant only billed Respondent for 924 crates of corn at $13.85 per crate. (Compl. Group Ex. 1). Respondent disputes Complainant's claimed unit price of $13.85 per crate. (ROI Ex. 078).

For the 924 crates of corn in question, Complainant submitted a copy of the invoice that it received from J&R Baker Produce, Inc. billing Complainant for the corn at $13.50 per crate. (Opening Stmt. Group Ex. E). At the $10.85 per crate price asserted by Respondent, Complainant would be selling the corn to Respondent at a loss. The $13.85 per crate price billed by Complainant, on the other hand, includes a markup of $0.35 per crate for profit, which appears more in line with the parties' agreement. Accordingly, we conclude that the preponderance of the evidence supports Complainant's contention that the contract price for the 924 crates of corn was $13.85 per crate, or a total of $12,797.40.

With respect to the $308.00 (22 at $14.00 each) that Complainant charged for pallets, Respondent's Steve Roberson states that it was his understanding that corn shipments would not include a charge for pallets. (Answering Stmt. ¶ 9). Mr. Gaw testified to the contrary that he and Mr. Wilhite agreed that Complainant would acquire several loads of bi-color corn over several weeks and that he would tell Mr. Wilhite the F.O.B. price, which would be Complainant's cost, i.e., the approximate market price Complainant was charged, plus $1.00 per carton and pallet charges, per the parties' customary course of conduct. (Opening Stmt. Decl. of Landon Gaw ¶ 9).

13

Mr. Gaw states that this was the agreed pricing for sales between Complainant and Respondent from May of 2023 forward and that he never received any objection from Mr. Wilhite. *Id.*

Once again, Mr. Gaw's testimony concerning the nature of the agreement negotiated with Respondent's Kelly Wilhite is unrefuted by any statements or other evidence from Mr. Wilhite. Statements that are sworn and have not been controverted must be taken as true in the absence of other persuasive evidence. *L. J. Crawford v. Ralf & Cono Comunale Produce Corp. and/or Morris Okun, Inc.,* 51 Agric. Dec. 804, 808 (1992); *Sun World International, Inc. v. Bruno Dispoto Co.*, 42 Agric. Dec. 1675, 1678 (1983); *Apple Jack Orchards v. M. Offutt Brokerage Co.*, 41 Agric. Dec. 2265, 2267 (1982). Moreover, the record shows that Complainant's invoices to Respondent for corn also included pallet charges, and there is no evidence showing that Respondent ever took exception to those invoices. An invoice, while not fully dispositive of the terms and conditions of a transaction, must be given great weight, particularly where it has not been timely challenged. *Action Produce v. Ward's Fruit & Produce, Inc., and/or A.G. Shore Company, Inc.*, 46 Agric. Dec. 1845, 1847 (1987); *Casey Woodwyk, Inc. v. Albanese Farms,* 31 Agric. Dec. 311, 317 (1972); *George W. Haxton & Son, Inc. v. Adler Egg Co.,* 19 Agric. Dec. 218, 224-225 (1960). Accordingly, we find that the preponderance of the evidence supports Complainant's contention that Respondent agreed that its purchases of corn from Complainant would also include a charge for pallets.

We already determined that the contract price for the 924 crates of corn was $13.85 per crate, or a total of $12,797.40. Adding to this the $308.00 (22 at $14.00 each) that Complainant billed for pallets, the total amount due from Respondent is $13,105.40. The evidence of payments submitted by Respondent does not show any payment connected to this invoice. Therefore, the full amount of $13,105.40 remains due and owing Complainant from Respondent.

Invoice #703768A/Memo of Purchase #5537

Respondent states that on or about May 11, 2023, it purchased 808 crates of corn from Complainant, and that its Memo of Purchase #5537 confirms a price per crate of $10.54, or a total of $9,738.96,[2] for the 808 crates of corn billed on Complainant's invoice #703768A. (ROI Ex. 078, 091). Respondent disputes Complainant's claimed unit price of $13.85 per crate. (ROI Ex. 078). For the 808 crates of corn in question, Complainant submitted a copy of the invoice that it received from J&R Baker Produce, Inc. billing Complainant for the corn at $12.95 per crate. (Opening Stmt. Group Ex. E).

At the $10.54 per crate price asserted by Respondent, Complainant would be selling the corn to Respondent at a loss. The $13.85 per crate price billed by Complainant, on the other hand, includes a markup of $0.90 per crate for profit, which appears more in line with the parties' agreement. Accordingly, we conclude that the preponderance of the evidence supports Complainant's contention that the contract price for the 808 crates of corn was $13.85 per crate, or a total of $11,290.80.

Complainant also billed Respondent $266.00 (19 at $14.00 each) for pallets, and for the reasons already discussed above, we find that Respondent agreed to this charge. Accordingly, we find that the total amount due Complainant from Respondent for the corn is $11,456.80. The evidence of payments submitted by Respondent does not show any payment connected to this invoice. Therefore, the full amount of $11,456.80 remains due and owing Complainant from Respondent.

---

[2] Respondent's Memo of Purchase #5537 actually references 924 crates of corn at $10.54 per crate, for a total of $9,738.96. (ROI Ex. 091).

Invoice #703773B/Memo of Purchase #5527

Respondent states that on or about May 11, 2023, it purchased 210 cartons of green cabbage and 70 cartons of red cabbage from Complainant. (ROI Ex. 078). According to Respondent, its customer accepted the green cabbage but claimed damages for discoloration. (ROI Ex. 078). After resolving the claim with its customer, Respondent states that it prepared a revised Memo of Purchase #5527 confirming a per-carton price of $14.85 for the red cabbage and $7.00 for the discolored green cabbage, for a total of $2,509.50. (ROI Ex. 078). Respondent disputes Complainant's claimed unit price of $13.85 per carton, and the added charge of $336.00 for pallets. (ROI Ex. 078, 092). The record shows, however, that Complainant billed Respondent $18.50 per carton for the red cabbage, $10.85 per carton for the green cabbage, and $112.00 for pallets. (Compl. Group Ex. 1).

For the 210 cartons of green cabbage and 70 cartons of red cabbage in question, Complainant submitted a copy of the invoice that it received from J&R Baker Produce, Inc. billing Complainant for the red cabbage at $16.00 per carton, and for the green cabbage at $9.00 per carton. (Opening Stmt. Group Ex. E). At the $14.85 and $7.00 per carton prices asserted by Respondent for the red and green cabbage, respectively, Complainant would be selling the cabbage to Respondent at a loss. Moreover, Respondent did not provide a USDA inspection or any other independent evidence showing that the green cabbage was discolored as alleged, so Respondent has failed to establish that a reduction in the price of the green cabbage was warranted.

The $18.50 and $10.85 per carton prices billed by Complainant for the red and green cabbage, respectively, include markups of $1.50 and $1.85 per carton, respectively, for profit. This appears more in line with the parties' agreement than the prices asserted by Respondent.

Accordingly, we conclude that the preponderance of the evidence supports Complainant's contention that the contract price was $18.50 per carton, or $1,295.00, for the 70 cartons of red cabbage, and $10.85 per carton, or $2,278.50, for the 210 cartons of green cabbage.

Respondent also disputes Complainant's charge of $112.00 (8 at $14.00 each) for pallets; however, Respondent does not explain why it is disputing the charge for pallets in this instance when it did not dispute a similar charge for pallets in connection with the cabbage billed on invoice number 703709A. We conclude that the charge for pallets was in accordance with the parties' agreement and that the total amount due Complainant from Respondent for the cabbage is $3,685.50 ($1,295.00 + $2,278.50 + $112.00). Respondent paid Complainant $621.50 for the cabbage. (ROI Ex. 093). Therefore, there remains a balance due Complainant from Respondent of $3,064.00.

Invoice #703779A/Memo of Purchase #5380

Respondent states that on or about May 16, 2023, it purchased 1,008 cartons of corn from Complainant, and that its Memo of Purchase #5380 confirms a price per crate of $10.50, or a total of $10,584.00, for the 1,008 crates of corn billed on Complainant's invoice #703779A. (ROI Ex. 079, 094). Respondent disputes Complainant's claimed unit price of $13.85 per crate, and the added charge of $336.00 for pallets. (ROI Ex. 079). For the 1,008 crates of corn in question, Complainant submitted a copy of the invoice that it received from J&R Baker Produce, Inc. billing Complainant for the corn at $12.95 per crate. (Opening Stmt. Group Ex. E).

At the $10.50 per crate price asserted by Respondent, Complainant would be selling the corn to Respondent at a loss. The $13.85 per crate price billed by Complainant, on the other hand, includes a markup of $0.90 per crate for profit, which appears more in line with the parties' agreement. Accordingly, we conclude that the preponderance of the evidence supports

Complainant's contention that the contract price for the 1,008 crates of corn was $13.85 per crate, or a total of $13,960.80.

Complainant also billed Respondent $336.00 (24 at $14.00 each) for pallets, and for the reasons already discussed above, we find that Respondent agreed to this charge. Accordingly, we find that the total amount due Complainant from Respondent for the corn is $14,296.80. The evidence of payments submitted by Respondent does not show any payment connected to this invoice. Therefore, the full amount of $14,296.80 remains due and owing Complainant from Respondent.

### Invoice #703782A and Invoice #703784A/Memo of Purchase #5387

Respondent states that it has no records to support its alleged purchase of the 1,008 crates of corn billed on invoice number 703782A, and Respondent points out that the bill of lading that Complainant submitted with its invoice states, "No Roberson PO# given." (ROI Ex. 079; Compl. Group Ex. 1).

Complainant submitted a copy of invoice number A27773 received from Ray's Heritage LLC, billing Complainant for 1,008 crates of corn at $13.50 per crate, and referencing customer purchase order number 703782. (Opening Stmt. Ex. E). Complainant also submitted a second copy of invoice number A27773 from Ray's Heritage LLC, and on the second copy Complainant made a handwritten notation referencing its invoice number 703784. It therefore appears that Complainant submitted one invoice as evidence of its purchase of the corn that it allegedly sold to Respondent on both invoice number 703782A and invoice number 703784A. To further complicate the issue, the invoice from Ray's Heritage LLC shows a purchase and ship date of May 22, 2023, whereas Complainant allegedly sold the corn billed on invoice numbers 703782A and 703784A on May 16 and 17, 2023, respectively.

In light of the discrepancies in the evidence provided by Complainant, we will limit Respondent's liability for the two alleged transactions to the $7,288.16 that it acknowledges owing Complainant for the 808 crates of corn that it purchased from Complainant on or about May 17, 2023, per its Memo of Purchase #5387. (ROI Ex. 079, 097).

Invoice #703783A/Memo of Purchase #5385

Respondent states that on or about May 16, 2023, it purchased 1,008 crates of corn from Complainant, and that its Memo of Purchase #5385 confirms a price per crate of $13.45, or a total of $13,557.60, for the 1,008 crates of corn billed on Complainant's invoice #703783A. (ROI Ex. 079, 095). Respondent disputes Complainant's claimed unit price of $14.00 per crate, and the added charge of $336.00 for pallets. (ROI Ex. 079). For the 1,008 crates of corn in question, Complainant submitted a copy of the invoice that it received from Ray's Heritage LLC billing Complainant for the corn at $13.50 per crate. (Opening Stmt. Group Ex. E).

At the $13.45 per crate price asserted by Respondent, Complainant would be selling the corn to Respondent at a loss. The $14.00 per crate price billed by Complainant, on the other hand, includes a markup of $0.50 per crate for profit, which appears more in line with the parties' agreement. Accordingly, we conclude that the preponderance of the evidence supports Complainant's contention that the contract price for the 1,008 crates of corn was $14.00 per crate, or a total of $14,112.00.

Complainant also billed Respondent $336.00 (24 at $14.00 each) for pallets, and for the reasons already discussed above, we find that Respondent agreed to this charge. Accordingly, we find that the total amount due Complainant from Respondent for the corn is $14,448.00. Respondent paid Complainant $13,557.60 for the corn in this shipment. (ROI Ex. 096). Therefore, there remains a balance due Complainant from Respondent of $890.40.

19

Invoice #703785A/Memo of Purchase #5390

Respondent states that on or about May 17, 2023, it purchased 1,008 crates of corn from Complainant, and that its Memo of Purchase #5390 confirms a price per crate of $13.45, or a total of $13,557.60, for the 1,008 crates of corn billed on Complainant's invoice #703785A. (ROI Ex. 079-80, 098). Respondent disputes Complainant's claimed unit price of $13.85 per crate, and the added charge of $336.00 for pallets.[3] (ROI Ex. 080). For the 1,008 crates of corn in question, Complainant submitted a copy of the invoice that it received from Ray's Heritage LLC billing Complainant for the corn at $13.50 per crate. (Opening Stmt. Group Ex. E).

At the $13.45 per crate price asserted by Respondent, Complainant would be selling the corn to Respondent at a loss. The $13.85 per crate price billed by Complainant, on the other hand, includes a markup of $0.35 per crate for profit, which appears more in line with the parties' agreement. Accordingly, we conclude that the preponderance of the evidence supports Complainant's contention that the contract price for the 1,008 crates of corn was $13.85 per crate, or a total of $13,960.80.

Complainant also billed Respondent $336.00 (24 at $14.00 each) for pallets, and for the reasons already discussed above, we find that Respondent agreed to this charge. Accordingly, we find that the total amount due Complainant from Respondent for the corn is $14,296.80. Respondent paid Complainant $13,557.60 for the corn. (ROI Ex. 096). Therefore, there remains a balance due Complainant from Respondent of $739.20.

---

[3] Respondent's Memo of Purchase #5390 references Complainant's invoice #703803A (ROI Ex. 098); however, it appears this reference is in error, as Memo of Purchase #5380 also references "ROC Inv # 20302" which matches the "Cust PO: 20302" on Complainant's invoice #703785A.

Invoice #703803A/Memo of Purchase #5399

Respondent states that on or about May 25, 2023, it purchased 1,008 crates of corn from Complainant, and that its Memo of Purchase #5399 confirms a price per crate of $10.75, or a total of $10,836.00, for the 1,008 crates of corn billed on Complainant's invoice #703803A. (ROI Ex. 080, 100). Respondent disputes Complainant's claimed unit price of $13.45 per crate, and the added charge of $336.00 for pallets. (ROI Ex. 080). For the 1,008 crates of corn in question, Complainant submitted a copy of the invoice that it received from J&R Baker Produce, Inc. billing Complainant for the corn at $12.95 per crate. (Opening Stmt. Group Ex. E).

At the $10.75 per crate price asserted by Respondent, Complainant would be selling the corn to Respondent at a loss. The $13.45 per crate price billed by Complainant, on the other hand, includes a markup of $0.50 per crate for profit, which appears more in line with the parties' agreement. Accordingly, we conclude that the preponderance of the evidence supports Complainant's contention that the contract price for the 1,008 crates of corn was $13.45 per crate, or a total of $13,557.60.

Complainant also billed Respondent $336.00 (24 at $14.00 each) for pallets, and for the reasons already discussed above, we find that Respondent agreed to this charge. Accordingly, we find that the total amount due Complainant from Respondent for the corn is $13,893.60. Respondent paid Complainant $10,836.00 for the corn. (ROI Ex. 101). Therefore, there remains a balance due Complainant from Respondent of $3,057.60.

Invoice #703804A/Memo of Purchase #5445

Respondent states that on or about May 26, 2023, it purchased 840 crates of corn from Complainant, and that its Memo of Purchase #5445 confirms a price per crate of $10.75, or a total of $9,030.00, for the 840 crates of corn billed on Complainant's invoice #703804A. (ROI

Ex. 080, 102). Respondent disputes Complainant's claimed unit price of $13.45 per crate, and the added charge of $280.00 for pallets. (ROI Ex. 080). For the 840 crates of corn in question, Complainant submitted a copy of the invoice that it received from J&R Baker Produce, Inc. billing Complainant for the corn at $12.45 per crate. (Opening Stmt. Group Ex. E).

At the $10.75 per crate price asserted by Respondent, Complainant would be selling the corn to Respondent at a loss. The $13.45 per crate price billed by Complainant, on the other hand, includes a markup of $1.00 per crate for profit, which appears more in line with the parties' agreement. Accordingly, we conclude that the preponderance of the evidence supports Complainant's contention that the contract price for the 840 crates of corn was $13.45 per crate, or a total of $11,298.00.

Complainant also billed Respondent $280.00 (20 at $14.00 each) for pallets, and for the reasons already discussed above, we find that Respondent agreed to this charge. Accordingly, we find that the total amount due Complainant from Respondent for the corn is $11,578.00. Respondent paid Complainant $9,030.00 for the corn. (ROI Ex. 101). Therefore, there remains a balance due Complainant from Respondent of $2,548.00.

Invoice #703810D/Memo of Purchase #5510

Respondent states that on or about June 3, 2023, it purchased 336 crates of corn from Complainant, and that its Memo of Purchase #5510 confirms a price per crate of $12.85, or a total of $4,317.60, for the 336 crates of corn billed on Complainant's invoice #703810A. (ROI Ex. 080-81, 103). Respondent disputes Complainant's claimed unit price of $14.85 per crate, and the added charge of $112.00 for pallets. (ROI Ex. 081). For the 336 crates of corn in question, Complainant submitted a copy of the invoice that it received from J&R Baker Produce, Inc. billing Complainant for the corn at $13.85 per crate. (Opening Stmt. Group Ex. E).

At the $12.85 per crate price asserted by Respondent, Complainant would be selling the corn to Respondent at a loss. The $14.85 per crate price billed by Complainant, on the other hand, includes a markup of $1.00 per crate for profit, which appears more in line with the parties' agreement. Accordingly, we conclude that the preponderance of the evidence supports Complainant's contention that the contract price for the 336 crates of corn was $14.85 per crate, or a total of $4,989.60.

Complainant also billed Respondent $112.00 (8 at $14.00 each) for pallets, and for the reasons already discussed above, we find that Respondent agreed to this charge. Accordingly, we find that the total amount due Complainant from Respondent for the corn is $5,101.60. Respondent paid Complainant $317.60 for the corn. (ROI Ex. 104). Therefore, there remains a balance due Complainant from Respondent of $4,784.00.

Invoice #703812A/Memo of Purchase #5442

Respondent states that on or about June 3, 2023, it purchased 840 crates of corn from Complainant, and that its Memo of Purchase #5442 confirms a price per crate of $11.71, or a total of $9,836.40, for the 840 crates of corn billed on Complainant's invoice #703812A. (ROI Ex. 081, 105). Respondent disputes Complainant's claimed unit price of $14.85 per crate, and the added charge of $280.00 for pallets. (ROI Ex. 081). For the 840 crates of corn in question, Complainant submitted a copy of the invoice that it received from J&R Baker Produce, Inc. billing Complainant for the corn at $13.85 per crate. (Opening Stmt. Group Ex. E).

At the $11.71 per crate price asserted by Respondent, Complainant would be selling the corn to Respondent at a loss. The $14.85 per crate price billed by Complainant, on the other hand, includes a markup of $1.00 per crate for profit, which appears more in line with the parties' agreement. Accordingly, we conclude that the preponderance of the evidence supports

Complainant's contention that the contract price for the 840 crates of corn was $14.85 per crate, or a total of $12,474.00.

Complainant also billed Respondent $280.00 (20 at $14.00 each) for pallets, and for the reasons already discussed above, we find that Respondent agreed to this charge. Accordingly, we find that the total amount due Complainant from Respondent for the corn is $12,754.00. Respondent paid Complainant $9,836.40 for the corn. (ROI Ex. 106). Therefore, there remains a balance due Complainant from Respondent of $2,917.60.

    Invoice #703813A/Memo of Purchase #5511

Respondent states that on or about June 3, 2023, it purchased 1,008 crates of corn from Complainant, and that its Memo of Purchase #5511 confirms a price per crate of $12.20, or a total of $12,297.60, for the 1,008 crates of corn billed on Complainant's invoice #703813A. (ROI Ex. 081, 107). Respondent disputes Complainant's claimed unit price of $14.85 per crate, and the added charge of $336.00 for pallets. (ROI Ex. 081). For the 1,008 crates of corn in question, Complainant submitted a copy of the invoice that it received from J&R Baker Produce, Inc. billing Complainant for the corn at $13.85 per crate. (Opening Stmt. Group Ex. E).

At the $12.20 per crate price asserted by Respondent, Complainant would be selling the corn to Respondent at a loss. The $14.85 per crate price billed by Complainant, on the other hand, includes a markup of $1.00 per crate for profit, which appears more in line with the parties' agreement. Accordingly, we conclude that the preponderance of the evidence supports Complainant's contention that the contract price for the 1,008 crates of corn was $14.85 per crate, or a total of $14,968.80.

Complainant also billed Respondent $336.00 (24 at $14.00 each) for pallets, and for the reasons already discussed above, we find that Respondent agreed to this charge. Accordingly, we

find that the total amount due Complainant from Respondent for the corn is $15,304.80.

Respondent paid Complainant $12,297.60 for the corn. (ROI Ex. 108). Therefore, there remains

a balance due Complainant from Respondent of $3,007.20.

### Invoice #703819A/Memo of Purchase #5437

Respondent states that on or about June 7, 2023, it purchased 1,008 crates of corn from

Complainant, and that its Memo of Purchase #5437 confirms a price per crate of $14.00, or a

total of $14,112.00, for the 1,008 crates of corn billed on Complainant's invoice #703819A.

(ROI Ex. 081, 109). Respondent disputes Complainant's claimed unit price of $15.95 per crate,

and the added charge of $336.00 for pallets. (ROI Ex. 081-82). For the 1,008 crates of corn in

question, Complainant submitted a copy of the invoice that it received from J&R Baker Produce,

Inc. billing Complainant for the corn at $14.95 per crate. (Opening Stmt. Group Ex. E).

At the $14.00 per crate price asserted by Respondent, Complainant would be selling the

corn to Respondent at a loss. The $15.95 per crate price billed by Complainant, on the other

hand, includes a markup of $1.00 per crate for profit, which appears more in line with the

parties' agreement. Accordingly, we conclude that the preponderance of the evidence supports

Complainant's contention that the contract price for the 1,008 crates of corn was $15.95 per

crate, or a total of $16,077.60.

Complainant also billed Respondent $336.00 (24 at $14.00 each) for pallets, and for the

reasons already discussed above, we find that Respondent agreed to this charge. Accordingly, we

find that the total amount due Complainant from Respondent for the corn is $16,413.60.

Respondent paid Complainant $1,112.00 for the corn. (ROI Ex. 093). Therefore, there remains a

balance due Complainant from Respondent of $15,301.60.

Invoice #703820A/Memo of Purchase #5499

Respondent states that on or about June 7, 2023, it purchased 1,008 crates of corn from Complainant, and that its Memo of Purchase #5499 confirms a price per crate of $10.95, or a total of $11,037.60, for the 1,008 crates of corn billed on Complainant's invoice #703820A. (ROI Ex. 082, 110). Respondent disputes Complainant's claimed unit price of $15.50 per crate, and the added charge of $336.00 for pallets. (ROI Ex. 082). For the 1,008 crates of corn in question, Complainant submitted a copy of the invoice that it received from J&R Baker Produce, Inc. billing Complainant for the corn at $14.50 per crate. (Opening Stmt. Group Ex. E).

At the $10.95 per crate price asserted by Respondent, Complainant would be selling the corn to Respondent at a loss. The $15.50 per crate price billed by Complainant, on the other hand, includes a markup of $1.00 per crate for profit, which appears more in line with the parties' agreement. Accordingly, we conclude that the preponderance of the evidence supports Complainant's contention that the contract price for the 1,008 crates of corn was $15.50 per crate, or a total of $15,624.00.

Complainant also billed Respondent $336.00 (24 at $14.00 each) for pallets, and for the reasons already discussed above, we find that Respondent agreed to this charge. Accordingly, we find that the total amount due Complainant from Respondent for the corn is $15,960.00. Respondent paid Complainant $11,037.60 for the corn. (ROI Ex. 111). Therefore, there remains a balance due Complainant from Respondent of $4,922.40.

Invoice #703818A/Memo of Purchase #5455

Respondent states that on or about June 8, 2023, it purchased 840 crates of corn from Complainant, and that its Memo of Purchase #5455 confirms a price per crate of $14.95, or a total of $12,558.00, for the 840 crates of corn billed on Complainant's invoice #703818A. (ROI

Ex. 082, 112). Respondent disputes Complainant's claimed unit price of $15.95 per crate, and the added charge of $280.00 for pallets. (ROI Ex. 082). For the 840 crates of corn in question, Complainant submitted a copy of the invoice that it received from J&R Baker Produce, Inc. billing Complainant for the corn at $14.95 per crate. (Opening Stmt. Group Ex. E).

At the $14.95 per crate price asserted by Respondent, Complainant would be selling the corn to Respondent at a price equal to the price Complainant paid J&R Baker Produce, Inc. The $15.95 per crate price billed by Complainant, on the other hand, includes a markup of $1.00 per crate for profit, which appears more in line with the parties' agreement. Accordingly, we conclude that the preponderance of the evidence supports Complainant's contention that the contract price for the 840 crates of corn was $15.95 per crate, or a total of $13,398.00.

Complainant also billed Respondent $280.00 (20 at $14.00 each) for pallets, and for the reasons already discussed above, we find that Respondent agreed to this charge. Accordingly, we find that the total amount due Complainant from Respondent for the corn is $13,678.00. Respondent paid Complainant $12,558.00 for the corn. (ROI Ex. 099). Therefore, there remains a balance due Complainant from Respondent of $1,120.00.

Invoice #703828A/Memo of Purchase #5461

Respondent states that on or about June 12, 2023, it purchased 1,008 crates of corn from Complainant, and that its Memo of Purchase #5461 confirms a price per crate of $11.85, or a total of $11,944.80, for the 1,008 crates of corn billed on Complainant's invoice #703828A. (ROI Ex. 082, 113). Respondent disputes Complainant's claimed unit price of $20.95 per crate, and the added charge of $336.00 for pallets. (ROI Ex. 082-83). For the 1,008 crates of corn in question, Complainant submitted a copy of the invoice that it received from J&R Baker Produce, Inc. billing Complainant for the corn at $19.95 per crate. (Opening Stmt. Group Ex. E).

27

At the $11.85 per crate price asserted by Respondent, Complainant would be selling the corn to Respondent at a loss. The $20.95 per crate price billed by Complainant, on the other hand, includes a markup of $1.00 per crate for profit, which appears more in line with the parties' agreement. Accordingly, we conclude that the preponderance of the evidence supports Complainant's contention that the contract price for the 1,008 crates of corn was $20.95 per crate, or a total of $21,117.60.

Complainant also billed Respondent $336.00 (24 at $14.00 each) for pallets, and for the reasons already discussed above, we find that Respondent agreed to this charge. Accordingly, we find that the total amount due Complainant from Respondent for the corn is $21,453.60. Respondent paid Complainant $11,944.80 for the corn. (ROI Ex. 114). Therefore, there remains a balance due Complainant from Respondent of $9,508.80.

Invoice #703826A/Memo of Purchase #5546

Respondent states that on or about June 13, 2023, it purchased 1,008 crates of corn from Complainant, and that its Memo of Purchase #5546 confirms a price per crate of $11.50, or a total of $11,592.00, for the 1,008 crates of corn billed on Complainant's invoice #703826A. (ROI Ex. 083, 115). Respondent disputes Complainant's claimed unit price of $17.95 per crate, and the added charge of $336.00 for pallets. (ROI Ex. 083). For the 1,008 crates of corn in question, Complainant submitted a copy of the invoice that it received from J&R Baker Produce, Inc. billing Complainant for the corn at $16.95 per crate. (Opening Stmt. Group Ex. E).

At the $11.50 per crate price asserted by Respondent, Complainant would be selling the corn to Respondent at a loss. The $17.95 per crate price billed by Complainant, on the other hand, includes a markup of $1.00 per crate for profit, which appears more in line with the parties' agreement. Accordingly, we conclude that the preponderance of the evidence supports

Complainant's contention that the contract price for the 1,008 crates of corn was $17.95 per crate, or a total of $18,093.60.

Complainant also billed Respondent $336.00 (24 at $14.00 each) for pallets, and for the reasons already discussed above, we find that Respondent agreed to this charge. Accordingly, we find that the total amount due Complainant from Respondent for the corn is $18,429.60. The evidence of payments submitted by Respondent does not show any payment connected to this invoice. Therefore, the full amount of $18,429.60 remains due and owing Complainant from Respondent.

### Invoice #703829A/Memo of Purchase #5544

Respondent states that on or about June 13, 2023, it purchased 1,008 crates of corn from Complainant, and that its Memo of Purchase #5544 confirms a price per crate of $11.50, or a total of $11,592.00, for the 1,008 crates of corn billed on Complainant's invoice #703829A. (ROI Ex. 083, 116). Respondent disputes Complainant's claimed unit price of $20.95 per crate, and the added charge of $336.00 for pallets. (ROI Ex. 083). For the 1,008 crates of corn in question, Complainant submitted a copy of the invoice that it received from J&R Baker Produce, Inc. billing Complainant for the corn at $19.95 per crate. (Opening Stmt. Group Ex. E).

At the $11.50 per crate price asserted by Respondent, Complainant would be selling the corn to Respondent at a loss. The $20.95 per crate price billed by Complainant, on the other hand, includes a markup of $1.00 per crate for profit, which appears more in line with the parties' agreement. Accordingly, we conclude that the preponderance of the evidence supports Complainant's contention that the contract price for the 1,008 crates of corn was $20.95 per crate, or a total of $21,117.60.

Complainant also billed Respondent $336.00 (24 at $14.00 each) for pallets, and for the reasons already discussed above, we find that Respondent agreed to this charge. Accordingly, we find that the total amount due Complainant from Respondent for the corn is $21,453.60. The evidence of payments submitted by Respondent does not show any payment connected to this invoice. Therefore, the full amount of $21,453.60 remains due and owing Complainant from Respondent.

Invoice #703827A/Memo of Purchase #5547

Respondent states that on or about June 14, 2023, it purchased 1,008 crates of corn from Complainant, and that its Memo of Purchase #5547 confirms a price per crate of $12.00, or a total of $12,096.00, for the 1,008 crates of corn billed on Complainant's invoice #703827A. (ROI Ex. 083, 117). Respondent disputes Complainant's claimed unit price of $17.95 per crate, and the added charge of $336.00 for pallets. (ROI Ex. 083). For the 1,008 crates of corn in question, Complainant submitted a copy of the invoice that it received from J&R Baker Produce, Inc. billing Complainant for the corn at $16.95 per crate. (Opening Stmt. Group Ex. E).

At the $12.00 per crate price asserted by Respondent, Complainant would be selling the corn to Respondent at a loss. The $17.95 per crate price billed by Complainant, on the other hand, includes a markup of $1.00 per crate for profit, which appears more in line with the parties' agreement. Accordingly, we conclude that the preponderance of the evidence supports Complainant's contention that the contract price for the 1,008 crates of corn was $17.95 per crate, or a total of $18,093.60.

Complainant also billed Respondent $336.00 (24 at $14.00 each) for pallets, and for the reasons already discussed above, we find that Respondent agreed to this charge. Accordingly, we find that the total amount due Complainant from Respondent for the corn is $18,429.60. The

evidence of payments submitted by Respondent does not show any payment connected to this invoice. Therefore, the full amount of $18,429.60 remains due and owing Complainant from Respondent.

### Invoice #703835A/Memo of Purchase #5470

Respondent asserts that on or about June 16, 2023, it purchased 800 cartons of cucumbers from Complainant. (ROI Ex. 083). Respondent states that its customer accepted the cucumbers, but claimed damages for poor quality. (ROI Ex. 083). After resolving the claim with its customer, Respondent states that it prepared a revised Memo of Purchase #5470 confirming a per carton price of $5.00 for a total of $4,000.00. (ROI Ex. 083, 119). Respondent disputes Complainant's claimed unit price of $5.75 per carton, the added charge of $224.00 for pallets, and the $4,824.00 total stated on Palmer's invoice #703835A. (ROI Ex. 083).

In response to Respondent's allegations, Complainant's Landon Gaw testifies that on July 5, 2023, Complainant was informed via email by Respondent's Steve Roberson that there had been trouble with 121 out of the 800 cartons of cucumbers that Complainant sold to Respondent on June 16, 2023. Mr. Gaw states that this was the first time he was informed of any problems with the load and that no federal inspection was conducted. Mr. Gaw states that Complainant's supplier requires notice of any claims or problems within 8 hours of delivery, and that Complainant had already paid the supplier when Respondent gave notice of problems. Accordingly, Mr. Gaw states that Complainant replied to the untimely notice by advising Respondent that there was no protection given. A copy of the email in question was submitted with Mr. Gaw's affidavit. (Opening Stmt. Group Ex. F).

As there is no evidence indicating that Complainant agreed to adjust the contract price of the cucumbers, or a federal inspection or other independent evidence indicating that an

adjustment was warranted, Respondent is liable to Complainant for the full purchase price of the cucumbers it accepted.[4] Complainant submitted a copy of the invoice that it received from Grower Network LLC billing Complainant for the cucumbers at $5.00 per carton. (Opening Stmt. Group Ex. E). At the $5.00 per carton price asserted by Respondent, Complainant would be selling the cucumbers to Respondent at the same price that it paid Grower Network LLC. The $5.75 per carton price billed by Complainant, on the other hand, includes a markup of $0.75 per carton for profit, which appears more in line with the parties' agreement. Accordingly, we conclude that the preponderance of the evidence supports Complainant's contention that the contract price for the 800 cartons of cucumbers was $5.75 per carton, or a total of $4,600.00.

Complainant also billed Respondent $224.00 (16 at $14.00 each) for pallets. Respondent disputes this charge but offers no explanation as to why a pallet charge would not apply to this transaction. Therefore, based on Mr. Gaw's unrefuted testimony that pallet charges were customary for all of the transactions between the parties, we conclude that the preponderance of the evidence supports Complainant's contention that Respondent agreed to this charge. Accordingly, we find that the total amount due Complainant from Respondent for the cucumbers is $4,824.00. Respondent paid Complainant $1,500.00 for the cucumbers. (ROI Ex. 093). Therefore, there remains a balance due Complainant from Respondent of $3,324.00.

Invoice #703840A/Memo of Purchase #5485

Respondent states that on or about June 20, 2023, it purchased 1,008 crates of corn from Complainant, and that its customer accepted the corn but claimed damages for high pulp

---

[4] A buyer who accepts produce becomes liable to the seller for the full purchase price thereof, less any damages resulting from any breach of contract by the seller. *Fresh Western Marketing, Inc. v. McDonnell & Blankfard, Inc.*, 53 Agric. Dec. 1869, 1875 (1994); *Theron Hooker Company v. Ben Gatz Company*, 30 Agric. Dec. 1109, 1112 (1971). The burden to prove a breach of contract rests with the buyer of accepted goods. U.C.C. § 2-607(4); *see, also, W. T. Holland & Sons, Inc. v. Clair Sensenig d/b/a C. K. Sensenig Potatoes*, 52 Agric. Dec. 1705, 1710 (1993); *Salinas Marketing Cooperative v. Tom Lange Company, Inc.*, 46 Agric. Dec. 1593, 1597 (1987).

temperatures and damaged chute walls. (ROI Ex. 084). After resolving the claim with its

customer, Respondent states that it revised its Memo of Purchase #5485 confirming a per crate

price of $28.17, for a total of $28,395.36. (ROI Ex. 084, 125). Respondent disputes

Complainant's claimed unit price of $30.95 per carton, the added charge of $336.00 for pallets,

and the $31,543.60 total stated on Complainant's invoice #703840A.

The only evidence Respondent submitted in support of its allegations is a copy of the bill

of lading with some handwritten notations referencing "immature ears" and warm pulp

temperatures, and some photos of temperature readings and the reportedly damaged chute walls.

(ROI Ex. 032-036). There is, however, no evidence showing that the parties discussed these

issues and agreed to adjust the price of the corn. Absent such evidence, we find that Respondent

is liable to Complainant for the full purchase price of the corn it accepted.

For the 1,008 crates of corn in question, Complainant submitted a copy of the invoice that

it received from J&R Baker Produce, Inc. billing Complainant for the corn at $29.95 per crate.

(Opening Stmt. Group Ex. E). At the $28.17 per crate price asserted by Respondent,

Complainant would be selling the corn to Respondent at a loss. The $30.95 per crate price billed

by Complainant, on the other hand, includes a markup of $1.00 per crate for profit, which

appears more in line with the parties' agreement. Accordingly, we conclude that the

preponderance of the evidence supports Complainant's contention that the contract price for the

1,008 crates of corn was $30.95 per crate, or a total of $31,197.60.

Complainant also billed Respondent $336.00 (24 at $14.00 each) for pallets, and for the

reasons already discussed above, we find that Respondent agreed to this charge. Accordingly, we

find that the total amount due Complainant from Respondent for the corn is $31,533.60. The

evidence of payments submitted by Respondent does not show any payment connected to this

invoice. Therefore, the full amount of $31,533.60 remains due and owing Complainant from Respondent.

### Invoice #703843A/Memo of Purchase #5478

Respondent states that on or about June 21, 2023, it purchased 1,008 crates of corn from Complainant, and that its Memo of Purchase #5478 confirms a price per crate of $28.45, or a total of $28,677.60, for the 1,008 crates of corn billed on Complainant's invoice #703843A. (ROI Ex. 084, 126). Respondent disputes Complainant's claimed unit price of $31.95 per crate, and the added charge of $336.00 for pallets. (ROI Ex. 084). For the 1,008 crates of corn in question, Complainant submitted a copy of the invoice that it received from J&R Baker Produce, Inc. billing Complainant for the corn at $30.95 per crate. (Opening Stmt. Group Ex. E).

At the $28.45 per crate price asserted by Respondent, Complainant would be selling the corn to Respondent at a loss. The $31.95 per crate price billed by Complainant, on the other hand, includes a markup of $1.00 per crate for profit, which appears more in line with the parties' agreement. Accordingly, we conclude that the preponderance of the evidence supports Complainant's contention that the contract price for the 1,008 crates of corn was $31.95 per crate, or a total of $32,205.60.

Complainant also billed Respondent $336.00 (24 at $14.00 each) for pallets, and for the reasons already discussed above, we find that Respondent agreed to this charge. Accordingly, we find that the total amount due Complainant from Respondent for the corn is $32,541.60. Respondent paid Complainant $28,677.60 for the corn. (ROI Ex. 127). Therefore, there remains a balance due Complainant from Respondent of $3,864.00.

Invoice #703844A/Memo of Purchase #5484

Respondent states that on or about June 21, 2023, it purchased 1,008 crates of corn from Complainant, and that its Memo of Purchase #5484 confirms a price per crate of $30.20, or a total of $30,441.60, for the 1,008 crates of corn billed on Complainant's invoice #703844A. (ROI Ex. 084, 128). Respondent disputes Complainant's claimed unit price of $31.95 per crate, and the added charge of $336.00 for pallets. (ROI Ex. 084). For the 1,008 crates of corn in question, Complainant submitted a copy of the invoice that it received from J&R Baker Produce, Inc. billing Complainant for the corn at $30.95 per crate. (Opening Stmt. Group Ex. E).

At the $30.20 per crate price asserted by Respondent, Complainant would be selling the corn to Respondent at a loss. The $31.95 per crate price billed by Complainant, on the other hand, includes a markup of $1.00 per crate for profit, which appears more in line with the parties' agreement. Accordingly, we conclude that the preponderance of the evidence supports Complainant's contention that the contract price for the 1,008 crates of corn was $31.95 per crate, or a total of $32,205.00.

Complainant also billed Respondent $336.00 (24 at $14.00 each) for pallets, and for the reasons already discussed above, we find that Respondent agreed to this charge. Accordingly, we find that the total amount due Complainant from Respondent for the corn is $32,541.60. The evidence of payments submitted by Respondent does not show any payment connected to this invoice. Therefore, the full amount of $32,541.60 remains due and owing Complainant from Respondent.

Invoice #703846A/Memo of Purchase #5492

Respondent states that on or about June 24, 2023, it purchased 1,008 crates of corn from Complainant, and that its Memo of Purchase #5492 confirms a price per crate of $27.22, or a

total of $27,437.76, for the 1,008 crates of corn billed on Complainant's invoice #703846A. (ROI Ex. 084, 129). Respondent disputes Complainant's claimed unit price of $31.95 per crate, and the added charge of $336.00 for pallets. (ROI Ex. 084-85). For the 1,008 crates of corn in question, Complainant submitted a copy of the invoice that it received from J&R Baker Produce, Inc. billing Complainant for the corn at $30.95 per crate. (Opening Stmt. Group Ex. E).

At the $27.22 per crate price asserted by Respondent, Complainant would be selling the corn to Respondent at a loss. The $31.95 per crate price billed by Complainant, on the other hand, includes a markup of $1.00 per crate for profit, which appears more in line with the parties' agreement. Accordingly, we conclude that the preponderance of the evidence supports Complainant's contention that the contract price for the 1,008 crates of corn was $31.95 per crate, or a total of $32,205.60.

Complainant also billed Respondent $336.00 (24 at $14.00 each) for pallets, and for the reasons already discussed above, we find that Respondent agreed to this charge. Accordingly, we find that the total amount due Complainant from Respondent for the corn is $32,541.60. Respondent paid Complainant $14,136.64 for the corn. (ROI Ex. 127). Therefore, there remains a balance due Complainant from Respondent of $18,404.96.

Invoice #703847A/Memo of Purchase #5495

Respondent states that on or about June 24, 2023, it purchased 1,008 crates of corn from Complainant, and that its Memo of Purchase #5495 confirms a price per crate of $27.70, or a total of $27,921.60, for the 1,008 crates of corn billed on Complainant's invoice #703847A. (ROI Ex. 085, 130). Respondent disputes Complainant's claimed unit price of $31.95 per crate, and the added charge of $336.00 for pallets. (ROI Ex. 085). For the 1,008 crates of corn in

question, Complainant submitted a copy of the invoice that it received from J&R Baker Produce, Inc. billing Complainant for the corn at $30.95 per crate. (Opening Stmt. Group Ex. E).

At the $27.70 per crate price asserted by Respondent, Complainant would be selling the corn to Respondent at a loss. The $31.95 per crate price billed by Complainant, on the other hand, includes a markup of $1.00 per crate for profit, which appears more in line with the parties' agreement. Accordingly, we conclude that the preponderance of the evidence supports Complainant's contention that the contract price for the 1,008 crates of corn was $31.95 per crate, or a total of $32,205.00.

Complainant also billed Respondent $336.00 (24 at $14.00 each) for pallets, and for the reasons already discussed above, we find that Respondent agreed to this charge. Accordingly, we find that the total amount due Complainant from Respondent for the corn is $32,541.60. The evidence of payments submitted by Respondent does not show any payment connected to this invoice. Therefore, the full amount of $32,541.60 remains due and owing Complainant from Respondent.

### Invoice #703850A/Memo of Purchase #5494

Respondent states that on or about June 24, 2023, it purchased 504 crates of corn from Complainant, and that its Memo of Purchase #5494 confirms a price per crate of $30.45, or a total of $15,364.80, for the 504 crates of corn billed on Complainant's invoice #703850A. (ROI Ex. 085, 131). Respondent disputes Complainant's claimed unit price of $31.95 per crate, and the added charge of $168.00 for pallets. (ROI Ex. 085). For the 504 crates of corn in question, Complainant submitted a copy of the invoice that it received from J&R Baker Produce, Inc. billing Complainant for the corn at $30.95 per crate. (Opening Stmt. Group Ex. E).

At the $30.45 per crate price asserted by Respondent, Complainant would be selling the corn to Respondent at a loss. The $31.95 per crate price billed by Complainant, on the other hand, includes a markup of $1.00 per crate for profit, which appears more in line with the parties' agreement. Accordingly, we conclude that the preponderance of the evidence supports Complainant's contention that the contract price for the 504 crates of corn was $31.95 per crate, or a total of $16,102.80.

Complainant also billed Respondent $168.00 (12 at $14.00 each) for pallets, and for the reasons already discussed above, we find that Respondent agreed to this charge. Accordingly, we find that the total amount due Complainant from Respondent for the corn is $16,270.80. Respondent paid Complainant $15,346.80 for the corn. (ROI Ex. 132). Therefore, there remains a balance due Complainant from Respondent of $924.00.

Invoice #703851A/Memo of Purchase #5497

Respondent states that on or about June 26, 2023, it purchased 798 crates of corn from Complainant, and that its Memo of Purchase #5497 confirms a price per crate of $26.95, or a total of $21,506.10, for 798 crates of corn. (ROI Ex. 085, 133). Respondent disputes Complainant's claim of 840 crates, the unit price of $31.95 per crate, and the added charge of $280.00 for pallets. (ROI Ex. 085). For the 840 crates of corn billed on invoice #703851A, Complainant submitted a copy of the invoice that it received from J&R Baker Produce, Inc. billing Complainant for the corn at $30.95 per crate. (Opening Stmt. Group Ex. E).

At the $26.95 per crate price asserted by Respondent, Complainant would be selling the corn to Respondent at a loss. The $31.95 per crate price billed by Complainant, on the other hand, includes a markup of $1.00 per crate for profit, which appears more in line with the parties' agreement. Respondent did not submit any evidence showing that it received less than

the 840 crates of corn billed by Complainant. Accordingly, we conclude that the preponderance of the evidence supports Complainant's contention that it sold 840 crates of corn to Respondent at $31.95 per crate, for a total of $26,838.00.

Complainant also billed Respondent $280.00 (20 at $14.00 each) for pallets, and for the reasons already discussed above, we find that Respondent agreed to this charge. Accordingly, we find that the total amount due Complainant from Respondent for the corn is $27,118.00. Respondent paid Complainant $21,506.10 for the corn. (ROI Ex. 134). Therefore, there remains a balance due Complainant from Respondent of $5,611.90.

Invoice #703852A/Memo of Purchase #5496

Respondent states that on or about June 26, 2023, it purchased 840 crates of corn from Complainant, and that its Memo of Purchase #5496 confirms a price per crate of $26.25, or a total of $22,050.00, for the 840 crates of corn billed on Complainant's invoice #703852A. (ROI Ex. 086, 135). Respondent disputes Complainant's claimed unit price of $31.95 per crate, and the added charge of $280.00 for pallets. (ROI Ex. 086). For the 840 crates of corn in question, Complainant submitted a copy of the invoice that it received from J&R Baker Produce, Inc. billing Complainant for the corn at $30.95 per crate. (Opening Stmt. Group Ex. E).

At the $26.25 per crate price asserted by Respondent, Complainant would be selling the corn to Respondent at a loss. The $31.95 per crate price billed by Complainant, on the other hand, includes a markup of $1.00 per crate for profit, which appears more in line with the parties' agreement. Accordingly, we conclude that the preponderance of the evidence supports Complainant's contention that the contract price for the 840 crates of corn was $31.95 per crate, or a total of $26,838.00.

Complainant also billed Respondent $280.00 (20 at $14.00 each) for pallets, and for the reasons already discussed above, we find that Respondent agreed to this charge. Accordingly, we find that the total amount due Complainant from Respondent for the corn is $27,118.00. The evidence of payments submitted by Respondent does not show any payment connected to this invoice. Therefore, the full amount of $27,118.00 remains due and owing Complainant from Respondent.

Invoice #703823A/Memo of Purchase #5435

Respondent states that on or about June 28, 2023,[5] it purchased 294 crates of corn from Complainant, and that its Memo of Purchase #5435 confirms a price per crate of $12.20, or a total of $3,586.80 for the 294 crates of corn billed on invoice #703823A. (ROI Ex. 086, 136). Respondent disputes Complainant's claimed unit price of $15.95 per crate, and the added charge of $98.00 for pallets. (ROI Ex. 086). For the 294 crates of corn billed on invoice #703823A, Complainant submitted a copy of the invoice that it received from J&R Baker Produce, Inc. billing Complainant for the corn at $14.95 per crate. (Opening Stmt. Group Ex. E).

At the $12.20 per crate price asserted by Respondent, Complainant would be selling the corn to Respondent at a loss. The $15.95 per crate price billed by Complainant, on the other hand, includes a markup of $1.00 per crate for profit, which appears more in line with the parties' agreement. Accordingly, we conclude that the preponderance of the evidence supports Complainant's contention that the contract price for the 294 crates of corn was $15.95 per crate, or a total of $4,689.30.

Complainant also billed Respondent $98.00 (7 at $14.00 each) for pallets, and for the reasons already discussed above, we find that Respondent agreed to this charge. Accordingly, we

---

[5] Respondent's Memo of Purchase for this shipment is dated June 9, 2023. (ROI Ex. 136).

find that the total amount due Complainant from Respondent for the corn is $4,787.30. Respondent paid Complainant $3,528.00 for the corn. (ROI Ex. 137). Therefore, there remains a balance due Complainant from Respondent of $1,259.30.

    Invoice #703853A/Memo of Purchase #5514

    Respondent states that on or about June 28, 2023, it purchased 1,008 crates of corn from Complainant, and that its Memo of Purchase #5514 confirms a price per crate of $26.95, or a total of $27,165.60 for the 1,008 crates of corn billed on invoice #703853A. (ROI Ex. 086, 138). Respondent disputes Complainant's claimed unit price of $31.95 per crate, and the added charge of $336.00 for pallets. (ROI Ex. 086). For the 1,008 crates of corn billed on invoice #703853A, Complainant submitted a copy of the invoice that it received from J&R Baker Produce, Inc. billing Complainant for the corn at $30.95 per crate. (Opening Stmt. Group Ex. E).

    At the $26.95 per crate price asserted by Respondent, Complainant would be selling the corn to Respondent at a loss. The $31.95 per crate price billed by Complainant, on the other hand, includes a markup of $1.00 per crate for profit, which appears more in line with the parties' agreement. Accordingly, we conclude that the preponderance of the evidence supports Complainant's contention that the contract price for the 1,008 crates of corn was $31.95 per crate, or a total of $32,205.60.

    Complainant also billed Respondent $336.00 (24 at $14.00 each) for pallets, and for the reasons already discussed above, we find that Respondent agreed to this charge. Accordingly, we find that the total amount due Complainant from Respondent for the corn is $32,541.60. Respondent paid Complainant $27,165.60 for the corn. (ROI Ex. 134). Therefore, there remains a balance due Complainant from Respondent of $5,376.00.

Invoice #703854A/Memo of Purchase #5512

Respondent states that on or about June 28, 2023, it purchased 1,008 crates of corn from Complainant, and that its Memo of Purchase #5512 confirms a price per crate of $26.97, or a total of $27,185.76 for the 1,008 crates of corn billed on invoice #703854A. (ROI Ex. 086, 139). Respondent disputes Complainant's claimed unit price of $31.95 per crate, and the added charge of $336.00 for pallets. (ROI Ex. 087). Complainant did not submit an invoice from its supplier for the 1,008 crates of corn billed on invoice #703854A; however, as the transaction took place the same date as the previous two transactions, we can reasonably presume that Complainant procured the corn at the same $30.95 per crate price.

At the $26.97 per crate price asserted by Respondent, Complainant would be selling the corn to Respondent at a loss. The $31.95 per crate price billed by Complainant, on the other hand, includes a markup of $1.00 per crate for profit, which appears more in line with the parties' agreement. Accordingly, we conclude that the preponderance of the evidence supports Complainant's contention that the contract price for the 1,008 crates of corn was $31.95 per crate, or a total of $32,205.60.

Complainant also billed Respondent $336.00 (24 at $14.00 each) for pallets, and for the reasons already discussed above, we find that Respondent agreed to this charge. Accordingly, we find that the total amount due Complainant from Respondent for the corn is $32,541.60. Respondent paid Complainant $27,185.76 for the corn. (ROI Ex. 127). Therefore, there remains a balance due Complainant from Respondent of $5,355.84.

Invoice #703855A/Memo of Purchase #5522

Respondent states that on or about June 28, 2023, it purchased 1,008 crates of corn from Complainant, and that its Memo of Purchase #5522 confirms a price per crate of $26.95, or a

total of $27,165.60 for the 1,008 crates of corn billed on invoice #703855A. (ROI Ex. 087, 140).

Respondent disputes Complainant's claimed unit price of $31.95 per crate, and the added charge

of $336.00 for pallets. (ROI Ex. 087). For the 1,008 crates of corn in question, Complainant

submitted a copy of the invoice that it received from J&R Baker Produce, Inc. billing

Complainant for the corn at $30.95 per crate. (Opening Stmt. Group Ex. E).

At the $26.95 per crate price asserted by Respondent, Complainant would be selling the

corn to Respondent at a loss. The $31.95 per crate price billed by Complainant, on the other

hand, includes a markup of $1.00 per crate for profit, which appears more in line with the

parties' agreement. Accordingly, we conclude that the preponderance of the evidence supports

Complainant's contention that the contract price for the 1,008 crates of corn was $31.95 per

crate, or a total of $32,205.60.

Complainant also billed Respondent $336.00 (24 at $14.00 each) for pallets, and for the

reasons already discussed above, we find that Respondent agreed to this charge. Accordingly, we

find that the total amount due Complainant from Respondent for the corn is $32,541.60.

Respondent paid Complainant $27,165.60 for the corn. (ROI Ex. 141). Therefore, there remains

a balance due Complainant from Respondent of $5,376.00.

Invoice #703856A/Memo of Purchase #5523

Respondent states that on or about June 29, 2023, it purchased 1,008 crates of corn from

Complainant, and that its Memo of Purchase #5523 confirms a price per crate of $26.95, or a

total of $27,165.60, for the 1,008 crates of corn billed on Complainant's invoice #703856A.

(ROI Ex. 087, 142). Respondent disputes Complainant's claimed unit price of $31.95 per crate,

and the added charge of $336.00 for pallets. (ROI Ex. 087). For the 1,008 crates of corn in

question, Complainant submitted a copy of the invoice that it received from J&R Baker Produce, Inc. billing Complainant for the corn at $30.95 per crate. (Opening Stmt. Group Ex. E).

At the $26.95 per crate price asserted by Respondent, Complainant would be selling the corn to Respondent at a loss. The $31.95 per crate price billed by Complainant, on the other hand, includes a markup of $1.00 per crate for profit, which appears more in line with the parties' agreement. Accordingly, we conclude that the preponderance of the evidence supports Complainant's contention that the contract price for the 1,008 crates of corn was $31.95 per crate, or a total of $32,205.60.

Complainant also billed Respondent $336.00 (24 at $14.00 each) for pallets, and for the reasons already discussed above, we find that Respondent agreed to this charge. Accordingly, we find that the total amount due Complainant from Respondent for the corn is $32,541.60. The evidence of payments submitted by Respondent does not show any payment connected to this invoice. Therefore, the full amount of $32,541.60 remains due and owing Complainant from Respondent.

For the transactions at issue in the Complaint, Respondent owes Complainant a total of $364,433.16, as summarized below:

| INVOICE NO | DESCRIPTION | QTY | UNIT PRICE | TOTAL | TOTAL DUE | AMT PAID | BALANCE |
|---|---|---|---|---|---|---|---|
| 703709A | Green cabbage | 780 | $18.50 | $14,430.00 | $14,794.00 | $12,454.00 | $2,340.00 |
| | Pallets | 26 | $14.00 | $364.00 | | | |
| 703765A | Bi-color corn | 924 | $13.85 | $12,797.40 | $13,105.40 | $0.00 | $13,105.40 |
| | Pallets | 22 | $14.00 | $308.00 | | | |
| 703768A | Bi-color corn | 808 | $13.85 | $11,190.80 | $11,456.80 | $0.00 | $11,456.80 |
| | Pallets | 19 | $14.00 | $266.00 | | | |
| 703773B | Green cabbage | 210 | $10.85 | $2,278.50 | $3,685.50 | $621.50 | $3,064.00 |
| | Red cabbage | 70 | $18.50 | $1,295.00 | | | |
| | Pallets | 8 | $14.00 | $112.00 | | | |
| 703779A | Bi-color corn | 1008 | $13.85 | $13,960.80 | $14,296.80 | $0.00 | $14,296.80 |
| | Pallets | 24 | $14.00 | $336.00 | | | |

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| 703782A | Bi-color corn | 1008 | $14.00 | $14,112.00 | | | |
| | Pallets | 24 | $14.00 | $336.00 | | | |
| AND | | | | | $7,288.16 | $0.00 | $7,288.16 |
| | | 1008 | $14.00 | $14,112.00 | | | |
| 703784A | Bi-color corn | 24 | $14.00 | $336.00 | | | |
| 703783A | Bi-color corn | 1008 | $14.00 | $14,112.00 | $14,448.00 | $13,557.60 | $890.40 |
| | Pallets | 24 | $14.00 | $336.00 | | | |
| 703785A | Bi-color corn | 1008 | $13.85 | $13,960.80 | $14,296.80 | $13,557.60 | $739.20 |
| | Pallets | 24 | $14.00 | $336.00 | | | |
| 703803A | Bi-color corn | 1008 | $13.45 | $13,557.60 | $13,893.60 | $10,836.00 | $3,057.60 |
| | Pallets | 24 | $14.00 | $336.00 | | | |
| 703804A | Bi-color corn | 840 | $13.45 | $11,298.00 | $11,578.00 | $9,030.00 | $2,548.00 |
| | Pallets | 20 | $14.00 | $280.00 | | | |
| 703810D | Bi-color corn | 336 | $14.85 | $4,989.60 | $5,101.60 | $317.60 | $4,784.00 |
| | Pallets | 8 | $14.00 | $112.00 | | | |
| 703812A | Bi-color corn | 840 | $14.85 | $12,474.00 | $12,754.00 | $9,836.40 | $2,917.60 |
| | Pallets | 20 | $14.00 | $280.00 | | | |
| 703813A | Bi-color corn | 1008 | $14.85 | $14,968.80 | $15,304.80 | $12,297.60 | $3,007.20 |
| | Pallets | 24 | $14.00 | $336.00 | | | |
| 703819A | Bi-color corn | 1008 | $15.95 | $16,077.60 | $16,413.60 | $1,112.00 | $15,301.60 |
| | Pallets | 24 | $14.00 | $336.00 | | | |
| 703820A | Bi-color corn | 1008 | $15.50 | $15,624.00 | $15,960.00 | $11,037.60 | $4,922.40 |
| | Pallets | 24 | $14.00 | $336.00 | | | |
| 703818A | Bi-color corn | 840 | $15.95 | $13,398.00 | $13,678.00 | $12,558.00 | $1,120.00 |
| | Pallets | 20 | $14.00 | $280.00 | | | |
| 703828A | Bi-color corn | 1008 | $20.95 | $21,117.60 | $21,453.60 | $11,944.80 | $9,508.80 |
| | Pallets | 24 | $14.00 | $336.00 | | | |
| 703826A | Bi-color corn | 1008 | $17.95 | $18,093.60 | $18,429.60 | $0.00 | $18,429.60 |
| | Pallets | 24 | $14.00 | $336.00 | | | |
| 703829A | Bi-color corn | 1008 | $20.95 | $21,117.60 | $21,453.60 | $0.00 | $21,453.60 |
| | Pallets | 24 | $14.00 | $336.00 | | | |
| 703827A | Bi-color corn | 1008 | $17.95 | $18,093.60 | $18,429.60 | $0.00 | $18,429.60 |
| | Pallets | 24 | $14.00 | $336.00 | | | |
| 703835A1 | Select cucumbers | 800 | $5.75 | $4,600.00 | $4,824.00 | $1,500.00 | $3,324.00 |
| | Pallets | 16 | $14.00 | $224.00 | | | |
| 703840A | Bi-color corn | 1008 | $30.95 | $31,197.60 | $31,533.60 | $0.00 | $31,533.60 |
| | Pallets | 24 | $14.00 | $336.00 | | | |
| 703843A | Bi-color corn | 1008 | $31.95 | $32,205.60 | $32,541.60 | $28,677.60 | $3,864.00 |
| | Pallets | 24 | $14.00 | $336.00 | | | |
| 703844A | Bi-color corn | 1008 | $31.95 | $32,205.00 | $32,541.60 | $0.00 | $32,541.60 |
| | Pallets | 24 | $14.00 | $336.00 | | | |
| 703846A | Bi-color corn | 1008 | $31.95 | $32,205.00 | $32,541.60 | $14,136.64 | $18,404.96 |
| | Pallets | 24 | $14.00 | $336.00 | | | |

45

| 703847A | Bi-color corn | 1008 | $31.95 | $32,205.00 | $32,541.60 | $0.00 | $32,541.60 |
|---------|---------------|------|--------|------------|------------|-------|------------|
|         | Pallets       | 24   | $14.00 | $336.00    |            |       |            |
| 703850A | Bi-color corn | 504  | $31.95 | $16,102.80 | $16,270.80 | $15,346.80 | $924.00 |
|         | Pallets       | 12   | $14.00 | $168.00    |            |       |            |
| 703851A | Bi-color corn | 840  | $31.95 | $26,838.00 | $27,118.00 | $21,506.10 | $5,611.90 |
|         | Pallets       | 20   | $14.00 | $280.00    |            |       |            |
| 703852A | Bi-color corn | 840  | $31.95 | $26,838.00 | $27,118.00 | $0.00 | $27,118.00 |
|         | Pallets       | 20   | $14.00 | $280.00    |            |       |            |
| 703823A | Bi-color corn | 294  | $15.95 | $4,689.30  | $4,787.30  | $3,528.00 | $1,259.30 |
|         | Pallets       | 7    | $14.00 | $98.00     |            |       |            |
| 703853A | Bi-color corn | 1008 | $31.95 | $32,205.60 | $32,541.60 | $27,165.60 | $5,376.00 |
|         | Pallets       | 24   | $14.00 | $336.00    |            |       |            |
| 703854A | Bi-color corn | 1008 | $31.95 | $32,205.60 | $32,541.60 | $27,185.76 | $5,355.84 |
|         | Pallets       | 24   | $14.00 | $336.00    |            |       |            |
| 703855A | Bi-color corn | 1008 | $31.95 | $32,205.60 | $32,541.60 | $27,165.60 | $5,376.00 |
|         | Pallets       | 24   | $14.00 | $336.00    |            |       |            |
| 703856A | Bi-color corn | 1008 | $31.95 | $32,205.60 | $32,541.60 | $0.00 | $32,541.60 |
|         | Pallets       | 24   | $14.00 | $336.00    |            |       |            |
|         |               |      |        |            | **TOTAL**  |       | **$364,433.16** |

The total of $364,433.16 due Complainant from Respondent for the transactions at issue in the Complaint should be reduced by the $122,133.15 that Complainant admittedly owes Respondent. This leaves a net amount due Complainant from Respondent of $242,300.01.

Respondent's failure to pay Complainant $242,300.01 is a violation of section 2 of the PACA (7 U.S.C. § 499b) for which reparation should be awarded to Complainant. Section 5(a) of the PACA (7 U.S.C. § 499e(a)) requires that we award to the person or persons injured by a violation of section 2 of the PACA (7 U.S.C. § 499b) "the full amount of damages . . . sustained in consequence of such violation." 7 U.S.C. § 499e(a). Such damages, where appropriate, include interest. *See Louisville & Nashville R.R. v. Sloss-Sheffield Steel & Iron Co.*, 269 U.S. 217, 239-40 (1925); *see also Rou v. Severt Sons Produce, Inc.*, 70 Agric. Dec. 489, 498 (2011); *Rogers Bros. Farms, Inc. v. Skyline Potato Co.*, 69 Agric. Dec. 1599, 1618 (2010).

Complainant seeks prejudgment interest on the unpaid produce shipments listed in the Complaint at a rate of 1.5% per month (18% per annum). Complainant's claim is based on its invoices to Respondent which expressly state: "Past due invoices shall accrue interest at 1 1/2% per month." (Compl. Group Ex. 1). Terms contained in the seller's invoice become part of the parties' contract unless (1) the buyer expressly limited the seller's acceptance to the terms of the offer; (2) the buyer objects to the new terms within a reasonable time; or (3) the additional terms materially alter the contract. *Grasso Foods, Inc. v. Americe, Inc.*, 69 Agric. Dec. 1547, 1559 (2010), citing *Bayway Ref. Co. v. Oxygenated Mktg. & Trading A.G.*, 215 F.3d 219, 223 (2d Cir. 2000). Here, Respondent has made no claim that it limited its offer or timely objected to the interest provision in the invoices, or that the interest provision materially altered the contracts.[6] Accordingly, pre-judgment interest will be awarded to Complainant at the rate of 1.5% per month (18% per annum). Post-judgment interest to be applied

> shall be determined in accordance with 28 U.S.C. § 1961, i.e., the interest rate shall be calculated . . . at a rate equal to the weekly average one-year constant maturity treasury yield, as published by the Board of Governors of the Federal Reserve System, for the calendar week preceding the date of the Order.

*PGB Int'l, LLC v. Bayche Cos.*, 65 Agric. Dec. 669, 672-73 (2006); Notice of Change in Interest Rate Awarded in Reparation Proceedings Under the Perishable Agricultural Commodities Act, 71 Fed. Reg. 25,133 (Apr. 28, 2006).

Complainant in this action paid $500.00 to file its formal Complaint as required by section 47.6(c) of the Administrative Procedures (7 C.F.R. § 47.6(c)). Pursuant to 7 U.S.C. §

---

[6] A 1.5% interest charge per month was not considered a material alteration of the parties' contract in *Dayoub Marketing, Inc. v. S.K. Produce Corp.*, 2005 U.S. Dist. Lexis 26974, at *16 (S.D.N.Y. 2005). *See Morris Okun, Inc. v. Harry Zimmerman, Inc.*, 814 F.Supp. 346, 351 (S.D.N.Y 1993)(enforcing a term in the invoice through which the defendant agreed that "past due accounts will accrue 1.25% interest per month").

47

499e(a), the party found to have violated section 2 of the PACA (7 U.S.C. § 499b) is liable for any handling fees paid by the injured party.

## Order

Within 30 days from the date of this Order, Respondent shall pay Complainant as reparation $242,300.01, with interest thereon at the rate of 18% per annum from August 1, 2023, up to the date of this Order, plus interest at the rate of   4.35   percent per annum on the sum of $242,300.01 from the date of this Order, until paid, plus the amount of $500.00.

Copies of this Order shall be served upon the parties.

Done at Washington, D.C.
December 6, 2024

JOHN   Digitally
       signed by
WALK   JOHN WALK
John Walk
Judicial Officer
Office of the Secretary