# EXHIBIT "2"

USDA  Agricultural
       Marketing
       Service

1400 Independence Ave., SW.
Room 2507-S, STOP 0242
Washington, D.C. 20250-0242

May 12, 2025

In reply refer to
File PACA: R-2023-0779

McCarron & Diess
4530 Wisconsin Avenue, NW., Suite 301
Washington, DC 20016

Dear Sir/Madam:

Re: G. W. Palmer & Co., Inc. vs. Roberson Onion Corporation

Enclosed is the order issued on May 12, 2025, in the above-referenced file under the Perishable Agricultural Commodities Act (PACA).

Please notify this office immediately in writing when the award is satisfied. If you file an appeal, it must be filed in a United States District Court by **June 11, 2025**. Information is available on our website at www.ams.usda.gov/paca in the PACA statute for the appeal process.

If the order is not paid and Roberson Onion Corporation has an active license, the license will be automatically suspended, effective close of business on **June 17, 2025**, in accordance with section 7(c) and (d) of the Act. If the firm has an inactive license or is not licensed, then sanctions will be imposed against the business.

Additionally, the individual proprietor, partners, members/managers (Limited Liability Company), officers, directors and/or holders of more than 10 percent of the stock in the firm cannot be employed by, or affiliated in any capacity with, any other licensee under the Act for a period of two years without the approval of the Secretary and the posting of a suitable surety bond. Failure to comply could result in an extension of the employment sanctions and an administrative action against the employing firm. If you have knowledge of continued business activities of the firm, please notify the PACA regional office in which the complaint was filed.

We have made an initial determination that the following individual(s) holds position(s) as owner, partner(s), member(s), manager(s), officer(s), director(s) and/or stockholder(s) and are determined to be responsibly connected with the firm:

Steve C. Roberson.

McCarron & Diess
Page 2

If you file a civil action and the civil order is paid, please notify this office promptly in writing. You may contact our office by email at PACAdispute@usda.gov, by phone at (202) 720-2890 or by fax at (202) 260-8575.

Sincerely,

PENNY ROBINSON-LANDRIGAN
Digitally signed by PENNY ROBINSON-LANDRIGAN
Date: 2025.05.12 12:16:53 -04'00'

Penny Robinson-Landrigan
Chief, Dispute Resolution Branch
PACA Division

Enclosure

UNITED STATES DEPARTMENT OF AGRICULTURE

BEFORE THE SECRETARY OF AGRICULTURE

| | | |
|---|---|---|
| G. W. Palmer & Co. Inc., | ) | PACA Docket No. R-2023-0779 |
|     Complainant | ) | |
| v. | ) | |
| Roberson Onion Corporation, | ) | |
|     Respondent | ) | Order on Reconsideration |

In this reparation proceeding under the Perishable Agricultural Commodities Act, 1930, as amended (7 U.S.C. § 499a *et seq.*)(PACA), a Decision and Order was issued on December 6, 2024, in which Respondent was ordered to pay Complainant as reparation $242,300.01, with interest thereon at the rate of 18% per annum from August 1, 2023, up to the date of the Order, plus interest at the rate of 4.35% per annum on the sum of $242,300.01 from the date of the Order, until paid, plus the amount of $500.00.

On December 26, 2024, the Department received from Complainant a Petition for Reconsideration of the Order (Complainant's Petition). Respondent was served with a copy of Complainant's Petition and given the opportunity to submit a reply. Respondent submitted a reply refuting the allegations of Complainant's Petition and requesting that it be denied.

Respondent requested and was granted an extension of time to file its Petition for Reconsideration (Respondent's Petition), which Respondent filed on February 5, 2025. Complainant was served with a copy of Respondent's Petition and given the opportunity to submit a reply. Complainant did not file a reply to Respondent's Petition.

Turning first to Complainant's Petition, Complainant asserts therein that the Department's conclusions concerning Respondent's payments are unaccompanied by any consideration or discussion of Complainant's undisputed evidence that Respondent failed to provide Complainant with remittance advice until on or after August 11, 2023, for check number 9122, dated June 30, 2023, in the amount of $70,000.00, notwithstanding receipt of Complainant's request for remittance advice on July 6, 2023. (Complainant's Petition at 2). Not receiving any remittance advice from Respondent, Complainant states that it applied the $70,000.00 payment to ten (10) other older, open invoices on July 6, 2023, as follows:

| Invoice No. | Amount |
| --- | --- |
| 703709A | $12,901.71 |
| 703729D | $ 25.00 |
| 703736A | $ 2,588.50 |
| 703747A | $ 4,312.00 |
| 703749A | $ 110.00 |
| 703763A | $14,296.80 |
| 703765A | $ 8,251.29 |
| 703766D | $ 112.50 |
| 703767A | $13,105.80 |
| 703774A | $14,296.80 |

In support of this contention, Complainant references its Statement in Reply Declaration of Kelly Gaw, pages 5 and 6, paragraph 9, and Exhibits A and B. (Complainant's Petition at 2-3).

The exhibits referenced by Complainant include the following emails exchanged between Complainant's Kathy Williams and Respondent's Olivia Holcombe and Carolyn McCall between August 2, 2023, and August 11, 2023:

On Wed, Aug 2, 2023 at 5:19 PM Kathy Williams <kathy@gwpalmer.net> wrote:

Hello Olivia, can you please provide what Palmer invoices you paid on the following checks? Check #9162 dated 7/13/2023, check #9122 dated 6/30/2023, check #7688 dated 11/30/22. Thank you.

On Thu, Aug 3, 2023 at 8:40 AM Olivia Holcombe <olivia@robersononion.com> wrote:

I will look into this and get back to you.

**From:** Olivia Holcombe <olivia@robersononion.com>
**Sent:** August 3, 2023 12:11 PM
**To:** Kathy Williams <kathy@gwpalmer.net>; Carolyn McCall <carolyn@robersonproduce.com>
**Cc:** Alston Palmer <alston@gwpalmer.net>
**Subject:** Re: CHECKS APPLICATION

Check #9162 - 20308 / 703803A
             20314 / 703804A

Check #9122 - has not been applied to files yet, we are in the process of that

| | |
|---|---|
| **From:** | Kathy Williams |
| **Sent:** | August 11, 2023 1:38 PM |
| **To:** | 'Olivia Holcombe' |
| **Cc:** | Alston Palmer; Kelly Gaw; Debbie Mitchell |
| **Subject:** | RE: CHECKS APPLICATION |

Olivia, check #9122 was received July 6 so we have processed this check on that date. Please provide which Palmer invoices you show you intended to pay on that check. Check #7688 was dated 11/30/2021 and we received and applied

**From:** Kathy Williams <kathy@gwpalmer.net>
**Date:** Fri, Aug 11, 2023 at 4:21 PM
**Subject:** FW: CHECKS APPLICATION
**To:** Olivia Holcombe <olivia@robersononion.com>
**Cc:** Alston Palmer <alston@gwpalmer.net>, Debbie Mitchell <dmitchell@gwpalmer.net>, Kelly Gaw <kelly@gwpalmer.net>, Steve Roberson (steveroberson@robersononion.com) <steveroberson@robersononion.com>

Olivia, below is all I received on 8/4/23 about my request for the check #9122. The reason I am asking for your help is that I am attempting to make sure we have properly applied your payments. I get it, you inherited a problem and I am trying my best to solve it on our end but I need you to help me. I show that we have received on Palmer invoice #703709A the following checks: #7688 amount applied was $1892.29- Kelly worked with someone at your office on this one because it came in without proper info on where to apply, Check #9122 amount applied was $12901.71- this one also came in without proper info on how to apply I was instructed to apply to the oldest open invoices, check #9185 amount applied was $12454.00- which came in with a copy of the memo of purchase for 703709A. This last check created an overage of $12454.00. I understand you have no access to check #7688 from 2021. But as you can see there is a problem to be corrected. Please confirm where the check #9122 was to be applied. With your help I am sure we can get it cleared up. Thank you.

| | |
|---|---|
| **From:** | Olivia Holcombe <olivia@robersononion.com> |
| **Sent:** | August 11, 2023 3:50 PM |
| **To:** | Carolyn McCall; Kathy Williams; Kelly Gaw; Alston Palmer; Debbie Mitchell; Steve Roberson; Joey Johnson |
| **Subject:** | Re: FW: CHECKS APPLICATION |

Please reply all to all emails.

Check #9282 is on the way to you, it was mailed 8/4 to you guys and has the explanations of where to apply check #9122. Mrs. Carolyn said everything you need concerning check 9122 is in there.

The emails referenced above show that regardless of the manner in which Complainant reportedly applied Respondent's check number 9122 in the absence of instructions from Respondent, Complainant's Kathy Williams was, as late as August 11, 2023, still asking Respondent's Olivia Holcombe how Respondent intended to apply the check. In response, Ms. Holcombe advised Ms. Williams that the payment instructions for check number 9122 were mailed to Complainant on August 4, 2023. The referenced instructions read as follows:

Bill Payment History                               *pd in full*                    8/4/2023 3:36 PM

| Vendor | Palmer, G W | | | | |
|---|---|---|---|---|---|
| Date Paid | 06/30/2023 | | Payment From | 101 · Renasant Bank | |
| Check No. | 9122 | | Payment Amount | $70,000.00 | |
| Memo | | | | | |

**Bills Paid**

| Type | Date | Number | Amount | Pmt Balance |
|---|---|---|---|---|
| Bill | 06/24/2023 | 5492 | -$14,136.64 | $55,863.36 |
| Bill | 05/21/2023 | 5478 | -$28,677.60 | $27,185.76 |
| Bill | 06/28/2023 | 5512 | -$27,185.76 | $0.00 |

(ROI Ex. 127). A handwritten note beneath the payment instructions reads:

5

> These PO's were paid by credit on the check we sent you for $70,000, ck # 9122, dated 6/30/23. On the PO # 5492, there was a balance left owing for the amount of $13,301.12. I have included ck # 9282 for that amount. Thus, all 3 PO's are paid in full.
> thanks!
> Cm

There is no discernable reason why Complainant would continue to ask Respondent how it intended to apply check number 9122 if Complainant had no intention of honoring Respondent's application. Accordingly, we find no merit in Complainant's contention that the decision erred in applying the payment as Respondent intended.

As the application of Respondent's check number 9122 was the sole issue raised by Complainant in its Petition, we will turn our attention now to the Petition filed by Respondent. Aside from defending its application of check number 9122, which we have already addressed above, Respondent asserts that there is an offsetting sum of $74,108.00 due Respondent from Complainant for transactions identified by Respondent's invoice numbers 20315 (P.O. 703799), 20270 (P.O. 703755), 20276 (P.O. 703791), 20277 (P.O. 703756), and 20278 (P.O. 96159). (Respondent's Petition Part 2, p. 14).

All of the transactions referenced by Respondent were addressed in the decision, wherein we concluded that apart from the $122,133.15 that Complainant acknowledged owing Respondent, the remaining amounts allegedly owed by Complainant to Respondent could not be

considered absent a properly filed setoff claim submitted by Respondent and accompanied by the requisite handling fee of $500.00. (Decision and Order at 6). Respondent had the opportunity to include a setoff in the Answer that it submitted in this proceeding, but it opted not to do so. Consequently, we affirm our previous conclusion that any sums allegedly due Respondent from Complainant, apart from the $122,133.15 that Complainant admitted owing and which was already set off against the amount due Complainant from Respondent,[1] cannot be considered.

Upon reconsideration of the evidence and for the reasons cited, we are denying the petitions for reconsideration submitted by Complainant and Respondent. The Decision and Order dated December 6, 2024, remains as issued, except that it shall become effective 30 days from the date of this Order.

There will be no further stays of this proceeding based on further petitions for reconsideration to this forum. The parties' right to appeal to the district court is found in section 7 of the PACA (7 U.S.C. § 499g).

---

[1] Decision and Order at 45.

## Order

Within 30 days from the date of this Order, Respondent shall pay Complainant as reparation $242,300.01, with interest thereon at the rate of 18% per annum from August 1, 2023, up to the date of this Order, plus interest at the rate of 4.35% per annum on the sum of $242,300.01 from the date of this Order, until paid, plus the amount of $500.00.

Copies of this Order shall be served upon the parties.

Done at Washington, D.C.

May 12, 2025

JOHN WALK
Digitally signed by JOHN WALK

John Walk
Judicial Officer
Office of the Secretary